LARSON, Respondent, vs. LARSON, Appellant.*

*January 8—February 15, 1946.*

* Motion for rehearing denied, with $25 costs, on April 12, 1946.

For the appellant there was a brief by *Gold & McCann,* and oral argument by *A. J. Palasz,* all of Milwaukee.

*Harvey E. Kaiser* of Milwaukee, for the respondent.

ROSENBERRY, C. J. The appeal presents nothing but a question of law,—Did the circuit court have jurisdiction to insert in the judgment the provisions for enforcing the same by contempt?

No question is raised as to the amount or to the fact that it is due nor is the finding of the court that the defendant—

"is guilty of contempt of court for his wilful and contumacious failure to comply with the previous orders and judgment of this court, and failing to make alimony and support-money payments for the support and maintenance of the plaintiff, *Mildred Larson,* and his three minor children,"—questioned.

The question raised on this appeal is answered by reference to sec. 247.32, Stats. 1943, which provides:

"After a judgment providing for alimony or other allowances for the wife and children, or either of them, or for the appointment of trustees as aforesaid the court may, from time to time, on the petition of either of the parties, revise and alter such judgment respecting the amount of such alimony or allowance and the payment thereof, and also respecting the ap-

propriation and payment of the principal and income of the property so held in trust, *and may make any judgment respecting any of the said matters which such court might have made in the original action. . . .*"

Sec. 272.02, Stats., provides:

"A judgment which requires the payment of money or the delivery of property may be enforced in those respects by execution. Where it requires the performance of any other act a certified copy of the judgment may be served upon the party, person or. officer who is required to obey the same, and if he refuse he may be punished for contempt, and his obedience enforced."

In this case the defendant was required by the original judgment to provide for the support and maintenance of his wife and children. Although of sufficient ability he has contumaciously refused to comply with the judgment. The court now provides that he shall pay it in the manner prescribed and enforcement of the judgment may be made by contempt proceedings, if he continues to disregard his duty. That the judgment may be enforced by contempt proceedings is held in *Staples v. Staples* (1894), 87 Wis. 592, 58 N. W. 1036. The judgment in this case is not one for a gross sum payable at once. A judgment may be enforced by contempt even though it is a lien upon the property of the husband. *Renner v. Renner* (1906), 127 Wis. 371, 106 N. W. 846.

*By the Court.*—That part of the amended judgment appealed from is affirmed.