RUST, Respondent, v. RUST, Appellant.

*No. 272. Argued June 1, 1970.—Decided June 26, 1970.*
(Also reported in 177 N. W. 2d 888.)

566

For the appellant there was a brief by *Tilg & Koch*, and oral argument by *John P. Hayes*, all of Milwaukee.

For the respondent there was a brief by *Gaines & Saichek*, attorneys, and *Irving D. Gaines* and *David A. Saichek* of counsel, all of Milwaukee, and oral argument by *Irving D. Gaines*.

HEFFERNAN, J. The defendant-wife asserts that her motion for a money judgment for the arrearage in alimony should have been granted.

The Wisconsin law, however, is clear that one to whom alimony is due and owing is not thereby entitled to a money judgment. Sec. 247.32, Stats.,[1] provides that the court has continuing jurisdiction to revise its judgments.

In a case in which a wife sought to collect an alimony arrearage by a garnishment, this court in *Courtney v. Courtney* (1947), 251 Wis. 443, 446, 29 N. W. 2d 759, stated:

[1] "247.32 **Revision of judgment.** After a judgment providing for alimony or other allowance for the wife and children, or either of them, or for the appointment of trustees as aforesaid the court may, from time to time, on the petition of either of the parties and upon notice to the family court commissioner, revise and alter such judgment respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any judgment respecting any of the said matters which such court might have made in the original action. But when a final division of the property shall have been made under s. 247.26 no other provisions shall be thereafter made for the wife."

"It is to be remembered that it is an alimony judgment which is sought to be enforced here. Such judgments differ from other judgments in these respects: They are always in the control of and subject to revision by the court; they do not create a debtor-creditor relationship of the usual sort."

In *Braun v. Brown* (1957), 1 Wis. 2d 481, 85 N. W. 2d 392, 86 N. W. 2d 427, it was held that a money judgment for support arrearage was proper upon the death of the minor child, but only because the continuing jurisdiction of the court had terminated upon the death of the child.

Under the statutory powers conferred upon courts of divorce jurisdiction and the uniform holdings of this court, a court may, in the exercise of its discretion cancel a support or alimony arrearage, but *Miner v. Miner* (1960), 10 Wis. 2d 438, 103 N. W. 2d 4, made it clear that an arrearage should be canceled only upon cause or justification.

Contrary, however, to the assertion of the defendant that she was entitled to judgment for the arrearage unless the plaintiff could show the order of March, 1966, was beyond the court's jurisdiction or obtained by fraud, it is apparent that it was within the sound discretion of the court to reduce the arrearage or to wipe it out entirely.

The appellant in her brief acknowledges that the family court had the "discretionary powers to revise the arrearage in this matter," but she objects to the court's exercising its power to declare the March, 1966, order vacated.

It is true, of course, that the plaintiff had no justification to ignore the court's order, even upon advice of counsel. If he considered the March, 1966, order unreasonable or not based upon the facts, his remedy was to appeal from that order. The defendant did not, however, seek to enforce the order by invoking the contempt

power of the court, which we have stated repeatedly is the proper remedy for flouting a court order for payment of alimony or support. *Kriesel v. Kriesel* (1967), 35 Wis. 2d 134, 139, 150 N. W. 2d 416; *Larson v. Larson* (1946), 248 Wis. 352, 355, 21 N. W. 2d 725. Instead, defendant after almost two years sought to collect the arrearage.

When the trial judge was confronted with defendant's motion for judgment on the arrearages and the plaintiff's motions for the vacation of the 1966 order and the modification of the original divorce order, he was obliged to approach the question raised, bearing in mind that "Either or both of the parties may not be motivated by any sense of justice. A divorce is not a business matter . . . . The state has an interest in the divorce and its consequences." *Miner v. Miner, supra,* page 442. Under the exercise of continuing jurisdiction, he was obliged to look not only to the fact of the 1966 order but the present reasonableness of its enforcement. His examination of the 1966 order and its conflict with the factual allegations of the petitions presently before the court led him to the conclusion that the 1966 order ought not be enforced. Whether the order was vacated or whether the court released the plaintiff from the arrearages thereunder is immaterial in the present case and is largely a matter of semantics rather than substance. He determined in the exercise of his continuing jurisdiction that it was not in the best interest of the parties to give effect to the 1966 order.

The trial court in reaching a decision on both the petition of the defendant and of the plaintiff was obliged to determine to what extent circumstances had changed between the date of the 1964 divorce and the 1969 hearing. The trial judge's examination of the 1966 record showed a total absence of findings of the circumstances as they then existed. The 1966 order provided no basis whatsoever for the trial court to comparatively evaluate

the status of the parties in respect to a change of circumstances since 1966.

In *Miner v. Miner* (1960), 10 Wis. 2d 438, 441, 103 N. W. 2d 4, we said:

"When a court in a divorce action awards alimony, it is based upon the circumstances of the parties at the time of the judgment and is normally considered *res adjudicata* as to that situation. To modify the judgment at some subsequent time, it is incumbent upon the one who seeks the modification to show that there is a substantial or material change in the circumstances of the parties which would justify such modification."

In the instant case the circumstances of the parties at the time of the 1966 order did not appear of record. Nothing appeared therein which showed a change of circumstances during the period 1965–1966 and no findings were made of circumstances in 1966 by which the court could now measure subsequent changes in the circumstances of the parties.

Under these circumstances the court concluded that its base must be the initial 1965 order for support and alimony which was based upon the then existing circumstances of the parties and which were clearly set forth in the findings of Judge ROBERT W. HANSEN at the time of the divorce.

In fairness to the defendant, who originally had petitioned for a modification of the order in 1966, the trial judge reconstituted the circumstances of the parties for each of those years and made findings in respect thereto, relative to changed circumstances. Only by making findings in this proceeding was the trial court able to determine the obligations of the plaintiff for the years 1966–1969.

In the recent case of *Lacey v. Lacey* (1970), 45 Wis. 2d 378, 173 N. W. 2d 142, this court emphasized the importance of complete findings of fact in family court cases and pointed out the impossibility of reviewing the

fairness of the financial arrangements set forth in a divorce decree unless the basis for the order is disclosed and there are complete and comprehensive findings of fact. It is obvious that support and alimony orders not only cannot be reasonably reviewed in the absence of proper fact finding, but they additionally cannot be properly used as a benchmark for a change in circumstances if one of the parties later seeks a revision of the judgment.

We are satisfied that the court properly, in the exercise of its sound discretion, declined to award the arrearage that defendant claimed arose under the 1966 order, both in respect to alimony and support. No serious contention is made that the found facts are contrary to the great weight and clear preponderance of the evidence, and our review of the record reveals ample support for the crucial findings. The expenditures of all parties were examined for the entire period and the income of the plaintiff was carefully analyzed to determine his financial capacity from 1966 to 1969. We are satisfied that the trial court acted within its powers and in the exercise of proper discretion.

*By the Court.*—Order affirmed.

ROBERT W. HANSEN, J., took no part.