ANDERSON, Respondent, v. ANDERSON, Appellant.

*No. 75–673. Submitted on briefs December 1, 1977.—*
*Decided February 7, 1978.*
(Also reported in 261 N.W.2d 817.)

For the appellant the cause was submitted on the brief of *Lester D. Posner* of Milwaukee.

For the respondent the cause was submitted on the brief of *Eugene A. Kershek* of Milwaukee.

BEILFUSS, C. J.   Harriet and Harold Anderson were divorced on March 8, 1971. Pursuant to a stipulation Harold was ordered to pay his ex-wife $70 per week: $55 alimony and $15 support for their son David. The divorce judgment required that the parties would hold their Brookfield homestead as tenants in common. It could not be sold until December 1, 1974. Harold and Harriet were to share the proceeds. Harriet was permitted to occupy the premises rent free.

The age of majority changed from twenty-one to eighteen on March 23, 1972. When Harold's attorney stated that the money was not used for support, the trial court foreclosed further discussion by ruling that any payment of support money after a child had attained majority was a gratuity. The court found Harold in contempt, sentencing him to thirty days unless he paid all arrears within thirty days.

Harriet Anderson testified that she was unemployed and that she had been unable to work at the time of the divorce. She testified that she and her brother had recently received a vacant lot next to the Brookfield homestead from their deceased mother. It was worth $2,500 but was presently not suitable for building.

When asked if she had any ailments, Harriet said "No." When asked if there was anything physically wrong with her she responded, "Nothing that I didn't have before." Her attorney asked her what her doctor's diagnosis or prognosis had been the last time she had seen him. She did not answer because Harold's attorney objected on hearsay grounds and was sustained. The trial court stated:

"Then we have to come back. The Court has found him in contempt and given him thirty days to pay. You can either stipulate, or get a report from the doctor. I can't rule on the matter unless I know her medical and physical condition. That's all at this time."

Apparently no further proceedings were ever held on the matter.

In this appeal Harold Anderson does not challenge the finding of contempt. The contempt power of a court is the proper remedy for flouting a court order for payment of alimony or support. *Rust v. Rust,* 47 Wis.2d 565, 570–71, 177 N.W.2d 888 (1970). In this case there is no doubt that the finding of contempt was warranted; Harold was ordered to pay his wife $55 per week and he disobeyed that order.

Harold complains that the trial court abused its discretion by refusing to grant his motions to cancel his arrears and vacate the support and alimony provisions because of his ex-wife's changed circumstances or to allow him a setoff against those arrears based on support payments made after son David attained his majority.

These alleged errors do not invalidate the contempt finding. Harold chose to disobey a court order before bringing his claims for modification before the court. This analysis is consistent with the fact that one may be

held in contempt for failing to obey an order even if that order is clearly erroneous. *Getka v. Lader,* 71 Wis.2d 237, 247, 238 N.W.2d 87 (1976).

Therefore the question before us is whether the trial court abused its discretion by failing to grant Harold's motions.

"Under the statutory powers conferred upon courts of divorce jurisdiction and the uniform holdings of this court, a court may, in the exercise of its discretion cancel a support or alimony arrearage." *Rust v. Rust,* 47 Wis.2d 565, 570, 170 N.W.2d 888 (1970).

"The rule is of almost universal application that courts may modify the provisions of a judgment of divorce relating to alimony and support money only when there has been a substantial or material change in the circumstances of the parties or the children . . . It is reasonable to require the party seeking the change to demonstrate that the circumstances upon which the existing payments were predicated have materially changed." *Thies v. MacDonald,* 51 Wis.2d 296, 301, 187 N.W.2d 186 (1971) ; *see also Severson v. Severson,* 71 Wis.2d 382, 386, 238 N.W.2d 116 (1976).

For a change in circumstances to be apparent the court must consider both the facts as determined at the time that the divorce was granted and the facts which purportedly show changed circumstances. It is particularly important that these facts be included on review. The findings of fact should be comprehensive and the basis for the trial court's decision should be clear. *Rust v. Rust,* 47 Wis.2d 565, 572, 177 N.W.2d 888 (1970) ; *Lacey v. Lacey,* 45 Wis.2d 378, 386, 173 N.W.2d 142 (1970).

The record before us is not adequate. The most glaring inadequacy is the absence of the divorce judgment.

While the transcript demonstrates the amounts of the support and alimony payments, the parties are in disagreement over who was required to make mortgage, insurance, and tax payments on the homestead. The unsubstantiated divorce judgment excerpt shows that Harriet Anderson was responsible for these payments.

This is important because Harold Anderson claims changed circumstances as a result of his ex-wife's realization of $9,492 on the sale of the homestead while Harriet dismisses this by claiming that this money barely allowed her to recoup her losses for mortgage and other payments. Her claim of expending $6,100 on such payments is not in the record, nor is the sale price of the homestead. Furthermore, there is no evidence of the financial status of the parties at the time of the divorce.

However, the question of whether the trial court abused its discretion by failing to grant Harold Anderson's motion to cancel all arrears on the basis of the homestead sale is not properly before this court in the first instance. It is apparent that the trial court never ruled on this issue.

Although a court may abuse its discretion by failing to exercise it, that is not the case here. The court refused to rule on the motion until the parties had stipulated or until a doctor's report was submitted on the question of Harriet Anderson's health. At the hearing Harriet answered a question as to whether she had any physical ailments by nebulously stating: "Nothing that I didn't have before." This statement, plus the judge's refusal to rule on the matter until her medical status was cleared up, suggests that the alimony might have been based in part on some sort of medical problem.

The trial court did not abuse its discretion by failing to exercise it. It evidently felt that Harriet Anderson's present physical condition was a significant factor to consider in determining whether the circumstances

which had predicated the alimony payments had materially changed. The burden of proving changed circumstances lies with the person seeking the change. Therefore Harold was responsible for satisfying the judge's demands for medical evidence. Harold evidently made no effort to obtain this evidence. He cannot complain that the trial court abused its discretion by failing to grant his motion.

The second basis for Harold Anderson's appeal is that the trial court should have allowed a setoff against his arrearages based on the support payments which he erroneously paid after his son attained his majority. Although the age of majority was lowered to eighteen effective March 23, 1972 by ch. 213, Stats., Laws of 1971, Harold continued the support payments until his son reached age twenty-one on December 26, 1974. The trial court stated:

"This Court has universally ruled that any payment of support money after the child becomes eighteen and twenty-one is a gratuity on the part of the husband."

Although it may be that support money payments past the age of majority can be considered gratuitous, it is not an absolute rule. We therefore hold that the trial court abused its discretion by failing to consider the facts underlying the requested offset.

In *Foregger v. Foregger,* 40 Wis.2d 632, 162 N.W.2d 553, 164 N.W.2d 226 (1968), we held that excess support payments could be offset against arrears in support payments. However the question of a support-alimony offset is one of first impression. Harriet Anderson contends that alimony and support payments are mutually exclusive—the former being for the benefit of the divorced spouse, the latter for the benefit of the child.

It appears that this sort of offset may be permissible however. In *Coppo v. Coppo,* 140 N.Y.S.2d 603 (1955), the court dealt with a combined alimony-support pay-

ment which was not specifically divided into separate shares. The father moved that because he had made combined payments to his ex-wife after his daughter had achieved her majority, his future alimony payments should be reduced *nunc pro tunc*. The court commented:

"If the defendant were thousands of dollars in arrears and the plaintiff's motion were to punish defendant for contempt, the court would look with greater favor upon his motion to reduce the alimony *nunc pro tunc*." 140 N.Y.S.2d at 604.

Because the father was guilty of laches in bringing his claim the court refused to give him full credit for all support paid in the six years since his daughter's majority, but did reduce future alimony payments by offsetting the support payments for two years prior to bringing the action at the rate of $5 per weekly alimony payment. The court in *Coppo* noted that support money received by a divorced parent after the child has attained majority constitutes unjust enrichment.

We conclude that an offset of excess support payments against arrears in alimony payments may be permissible. However, many considerations would necessarily be involved before approving such an offset. Most importantly the court should be concerned in how these payments were used—whether they were used to support the emancipated child or whether the mother used them.

Harriet Anderson contends that the trial court does not have jurisdiction to make an alimony-support offset because a court has no power to revise or modify support money provisions in a divorce decree once a child attains his or her majority. *Halmu v. Halmu,* 247 Wis. 124, 131, 19 N.W.2d 317 (1945) ; *Braun v. Braun,* 1 Wis.2d 481, 85 N.W.2d 392, 86 N.W.2d 427 (1957). This argument ignores the fact that the son has no interest in the outcome of this case—it has not been brought to revise or

modify the support provisions. Rather, the theory underlying the requested offset appears to be the unjust enrichment of the ex-wife. At the attainment of the son's majority, which was the date that the new age of majority law became effective, Harold Anderson had no more obligations for support, yet he continued to send support payments to Harriet in the erroneous belief that they were required until his son's twenty-first birthday. While the court has lost jurisdiction over the son it still has jurisdiction over Harold and Harriet Anderson.

Because it is apparent that the trial court has the jurisdiction and the authority to grant this type of offset, the question should return to the trial court for a determination on the merits. The court's denial of the motion and its refusal to consider an offset constituted an abuse of discretion. This is not to say that an offset should be ordered, but the trial court should consider the fairness of the request under all the circumstances. This was not done.

*By the Court.*—The order finding Harold J. V. Anderson in contempt is affirmed. The order denying Harold J. V. Anderson's motion for a setoff is reversed and remanded for proceedings not inconsistent with this opinion. No costs to be taxed.

CALLOW, J., took no part.