IN RE the MARRIAGE OF Sue Ann BURGER,
now Koos, Petitioner-Respondent,

v.

James L. BURGER, Respondent-Appellant.

Supreme Court

*No. 87–0174. Argued March 30, 1988.—Decided June 16, 1988.*

(Also reported in 424 N.W.2d 691.)

515

For the respondent-appellant there were briefs (in court of appeals) by *Walter W. Stern, III* and *Stern, Caviale & Stern,* Kenosha, and oral argument by *Walter W. Stern, III.*

For the petitioner-respondent there was a brief (in court of appeals) by *Geoffrey Dowse* and *Ventura, Dowse & Wagner,* Kenosha, and oral argument by *Geoffrey Dowse.*

Amicus curiae brief was filed by *Daniel L. Furrh,* Waukesha for the American Academy of Matrimonial Lawyers, Wisconsin Chapter and the Family Law Section, State Bar of Wisconsin, and the Society of Family Lawyers.

DAY, J.    This is an appeal from an order of the circuit court for Kenosha county, Honorable Michael S. Fisher, circuit judge, modifying a judgment of divorce, which this court accepted on certification from the court of appeals. In its certification, the court of appeals framed the sole issue for review as follows: "Whether, in analyzing each parent's earning capacity and total economic circumstances to determine whether to modify a child support order under sec. 767.32(1), Stats., the trial court must consider half the marital income of a remarried, voluntarily unemployed, custodial parent under the marital property reform act, ch. 766, Stats." After acceptance of certifi-

cation of the present action, this court decided *Poindexter v. Poindexter,* 142 Wis. 2d 515, 419 N.W.2d 223 (1988). Though *Poindexter* dealt with modification of maintenance in a divorce action, application of the statutory interpretation of sec. 766.55(2)(c)2, barring use of marital property income to satisfy a pre-marital obligation, is equally applicable in analyzing modification of child support provisions. Following the analysis of *Poindexter,* none of a new spouse's income is available under the Marital Property Reform Act for consideration of support obligations, which would be classified as a pre-Act debt. Counsel for Mr. Burger conceded at oral argument that *Poindexter* resolved the certified issue.

Although this case could be remanded to the court of appeals since the issue certified is resolved by existing case law, in the interests of judicial economy, we address the other issues argued by the parties on appeal. We conclude the circuit court's holdings concerning increased child support, arrearage credit, contempt for failure to pay support, ability to claim the minor children as dependents for tax purposes, and employer deductions under wage assignment, were resolved within properly exercised discretion. We therefore affirm the circuit court's order.

The facts are not in dispute. Sue Ann Burger (now Koos) and James L. Burger (Burger) were divorced in 1981. Ms. Koos was awarded custody of the parties' two children, then six and four years of age. Mr. Burger was ordered to pay $75.00 per week for child support. At the time of the divorce, Koos was employed and earning approximately $12,000 annually. Burger's gross income was $408 per week.

In 1982, Koos remarried. She terminated her outside employment while pregnant with the first of

two children she had with her new husband, and thereafter remained at home to care for her children.

In December, 1985, Koos filed an order to show cause for an increase in child support, and to determine and require payment of arrearage. On January 16, 1986, the acting family court commissioner hearing the motion concluded a substantial change of circumstances existed and increased child support to $115 per week. The amount of support was determined based on Burger's representations at the hearing, estimating his 1985 gross income at $17,500, plus disability benefit payments, for a gross weekly income of $458.40. The commissioner then apparently applied the percentage standard established under sec. 767.25(1p), Stats. (1985–86),[1] to arrive at the $115

---

[1]Section 767.25, Stats. (1985–86), provides guidelines for setting the initial amount of child support upon entering a judgment for divorce and is helpful in determining a fair amount of support upon modification. Subsection (1p), which no longer exists under current statutes but was in effect at the time the commissioner heard this case, reads:

> In lieu of determining child support payments under sub. (1m) [a multiple factor analysis], the court may order either or both parents to pay an amount determined by using the percentage standard adopted under s. 767.395(3).

The Department of Health and Social Services guidelines adopted pursuant to sec. 767.395, Stats., at the time support was modified in this case permitted a percentage of gross income standard to be used in establishing child support. The method of calculating the paying parent's obligation under this standard was based solely upon a percentage rate. For two children, the rate was set at twenty-five percent of the paying parent's income. *See Wisconsin Department of Health and Social Services Child Support Enforcement Manual,* Ch. V, Part C, "Support Obligations and Paternity," 1–2 (July, 1984).

support figure ($458.40 × 25% = $114.60, rounded to the nearest dollar = $115).

On February 14, 1986, written findings of fact supporting the revised support order were signed by the acting family court commissioner. They establish that Koos, though no longer employed outside the home, was contributing to "her family, home and community by working in the home," that the two children of the parties were four and a half years older and "their needs are bound to increase," and that Burger had an increased ability to pay support. Burger's income was found to be $532.00 per week based on figures reported in his financial disclosure statement, which he had submitted to the court subsequent to the order to show cause hearing. The amount of his arrearage was fixed at $3,440. Although Burger's income as reported in his disclosure statement and adopted in the findings of fact was greater than that relied upon by the commissioner in revising the amount of child support based on percentage of income, weekly support payments remained at $115.

On June 15, 1986, Burger was ordered to show cause why he should not be held in contempt for failure to follow the revised support order. Koos alleged that Burger was then $4,186.03 in arrears in making child support payments. Of that amount, $746.30 had accrued since support had been increased from $75 to $115 per week. The acting family court commissioner found Burger had increased his arrearage by the additional amount of support required since the February, 1986 order, and she ordered payment of the arrearage in one month or Burger would be held in contempt and would be required to spend five days in jail. On May 28, 1986, based on a request to review the commissioner's order, Circuit

Judge Michael Fisher stayed the contempt order pending further order.

Burger then sought review of the revised child support order before Judge Fisher, asking that the increased amount of support be modified. He further requested an order prohibiting his employer from deducting support from separate regular and holiday paychecks issued in the same week under his wage assignment, and sought a finding reducing his arrearage in the amount of social security benefits paid to his children while he was disabled. He also requested the right to claim both children as dependents for income tax purposes. Koos, in her reply motion, asked the court to uphold the commissioner's contempt and arrearage findings and further sought a wage assignment for Burger's unemployment compensation benefits.

After a hearing regarding these matters, Judge Fisher affirmed the decision of the family court commissioner, finding that there was a sufficient change of circumstances to award an increase in child support. The court found these circumstances included the fact that the parties' children were older and had greater needs, Koos was not working and Burger's income had increased.

Examining Burger's ability to pay increased support, the court determined his actual income was $28,360 by adding his taxable 1985 income to disability benefits he received. Giving Burger the benefit of the doubt concerning intermittent unemployment and disability layoffs which he claimed would occur again as they had in the past, the court then affirmed the commissioner's $115 support calculation, though it was based on twenty-five percent of Burger's estimated income of approximately $17,500 rather than his

substantially greater actual income of $28,360. The court denied Burger's motion to prohibit his employer from deducting child support payments from every check, including one-day holiday paychecks, under his wage assignment, because Burger had been continuously in arrears since 1982. It further denied his motion to modify the original divorce judgment provision which awarded one tax exemption to Burger and one tax exemption to Koos for their dependent children.

By written decision on November 4, 1986, the court credited Burger with $1,325 towards his arrearage during the time he was disabled, unable to work, and his children received $4,464 in social security benefits. The $1,325 credit was equal to the amount of support Burger had failed to pay during the time he was not working at all but only receiving social security disability benefits and sick pay. Burger was not given credit toward arrearages which had accrued before or after this time, but was ordered to pay his remaining arrearage by December 4, 1986, or he would be found in contempt of court. The court further ordered execution of a wage assignment for unemployment compensation received by Burger.

Burger appealed to the court of appeals, alleging the circuit court abused its discretion in: 1) determining a change of circumstances existed sufficient to modify child support when his former wife voluntarily left the workforce to have children with her second spouse, 2) failing to credit the full amount of social security benefits paid to his children toward his arrearage, 3) finding him in contempt for failure to pay child support, 4) denying him an award of both tax exemptions for the parties' minor children, and 5) failing to curtail his employer's practice of deducting

child support payments from regular and holiday paychecks issued in the same week under his court ordered wage assignment ordered by the court. The court of appeals certified this case pursuant to Rule 809.61 Stats., and we accepted the case in entirety for review.

Burger first alleges that the circuit court abused its discretion in increasing his payment of child support without a sufficient showing of a change in circumstances. The statutory provision for modification of a divorce judgment as it pertains to child support states, in pertinent part:

> "**767.32 Revision of judgment.** (1) After a judgment providing for child support ... the court may, from time to time, on the petition of either of the parties, ... revise and alter such judgment respecting the amount of ... child support and the payment thereof .... Any change in child support because of alleged change in circumstances shall take into consideration each parent's earning capacity and total economic circumstances."

This court has held that modification of a judgment of divorce relating to child support may be made only when there has been a substantial or material change in the circumstances of the parties or children. Anderson v. Anderson, 82 Wis. 2d 115, 119, 261 N.W. 2d 817 (1978). A modification of child support rests within the sound discretion of the circuit court and will not be overturned absent an abuse of the court's discretion. Proper exercise of this broad discretion exists where the record reflects that the court considered the needs of the custodial parent and children, and the ability of the non-

custodial parent to pay. *Edwards v. Edwards,* 97 Wis. 2d 111, 116, 293 N.W.2d 160, 163 (1980).

In increasing support, the circuit court in this case based its holding on findings that the parties' children were older, and the custodial parent, Koos, was not working. The court further found that the non-custodial parent, Burger, had the ability to pay increased support because his annual income had substantially increased since the divorce was granted. We conclude these findings were sufficient to warrant an increase of the support paid by Burger.

■

Increased age, or the reaching of school age, of minor children has been held sufficient to establish increased need and, therefore, an increase in support payments consistent with the children's best interests and the noncustodial parent's ability to pay. *Klipstein v. Klipstein,* 47 Wis. 2d 314, 318, 177 N.W.2d 57, 59 (1970); *Chandler v. Chandler,* 25 Wis. 2d 587, 592, 131 N.W.2d 336, 339 (1964); *Kritzik v. Kritzik,* 21 Wis. 2d 442, 447, 124 N.W.2d 581, 585 (1963). In the present action, the court's recognition that the parties' children were four and one-half years older than when support was initially set provided sufficient factual basis to conclude a substantial or material change in circumstances had occurred.

■

Having established need, the court was also required to consider Burger's ability to pay increased support. The test for assessing ability to pay is whether the paying parent in "present economic circumstances can absorb the increased expenditure." *Kritzik,* 21 Wis. 2d at 448, 124 N.W.2d at 585. We conclude Burger's ability to pay was adequately demonstrated by the circuit court.

Examining the record, it is clear that the family court commissioner intended to use the percentage standard for setting support which was in effect at that time, and that this method was approved by the circuit court. Contrary to Burger's assertions on appeal, Koos' income was irrelevant in determining his children's need or his ability to pay the percentage fixed by sec. 767.25(1p), Stats. The paying parent's income was the sole relevant factor to be considered under that statute.

In applying the percentage standard to the facts of this case, the circuit court allowed the amount of support to remain based on Burger's estimated income rather than determining percentage of support based on his greater, actual income. The court intended by this measure to counteract future wage reductions because Burger claimed he would be periodically unable to work as a result of physical disability and because of future layoffs at the factory where he was employed. The record shows that although these problems had occurred within the year prior to the support hearing, Burger's income was over $28,000. No showing was made that these problems would reduce Burger's income below that amount in the future. Moreover, the court was under no obligation to determine Burger's ability to pay based on prospective changes. *Anderson v. Anderson,* 72 Wis. 2d 631, 643, 242 N.W.2d 165, 171 (1976) (ability to pay is to be made upon the basis of the circumstances existing at the time such determination is made). Considering the circumstances, the court, in exercising its discretion, was most generous to Burger in setting his support payments at a lower rate. Burger had no cause to complain that he was required to pay less than the

statutory percentage, when, under sec. 767.25(1p), Stats., twenty-five percent of his actual income could have been ordered as support.

We conclude that the circuit court adequately determined Burger's ability to pay based upon circumstances existing at the time of the support hearing. It properly acted within its discretion in revising the child support payments with modification for the unusual mitigating factors affecting Burger's income.

The second issue raised by Burger is that the circuit court failed to give him credit for the full amount of social security benefits paid to his children at a time when he was fully disabled and did not make some support payments. Reduction of support arrears is a matter within the sound discretion of the circuit court, and arrears are to be canceled only upon cause or justification. The retroactive modification of support arrears is a discretionary remedy which should provide a just result in light of all circumstances. *O'Brien v. Freiley,* 130 Wis. 2d 174, 179, 387 N.W.2d 85, 87–88 (Ct. App. 1986), citing *Rust v. Rust,* 47 Wis. 2d 565, 570, 177 N.W.2d 888, 891 (1970).

Application of dependent children's social security benefits to a noncustodial parent's arrearage is an issue of first impression in this state although other jurisdictions have addressed this matter. Generally, social security benefits have not been considered to be a replacement for or synonymous with child support payments, but are treated as a separate benefit which accrues to a person's children because that person has become disabled. A number of jurisdictions have refused to credit child support arrearages accumulated prior to the paying parent's entitlement to disabili-

ty benefits. *See, e.g., Robinson v. Robinson,* 651 P.2d 454, 455–56 (Colo. Ct. App. 1982) (social security disability dependent benefits may not be credited beyond monthly amount of child support obligation); *Potts v. Potts,* 240 N.W.2d 680 (Iowa 1976) (disabled parent should be credited for social security dependency payments only to the extent of child support obligation during the period such benefits are paid); *Folds v. Lebert,* 420 So. 2d 715 (La. Ct. App. 1982) (credit for arrearages from social security during period of actual disability); *Gerlich v. Gerlich,* 379 N.W.2d 689, 691 (Minn. Ct. App. 1986) (child's receipt of social security benefits from the account of the parent charged with support does not constitute payment from that parent); *Romero v. Romero,* 101 N.M. 345, 682 P.2d 201 (Ct. App. 1984) (social security benefits credited to child support arrearage only for months for which benefits were received); *see also Fowler v. Fowler,* 156 Conn. 569, 244 A.2d 375, 377 (1968) (in sound discretion of trial court whether to credit child support arrearages with social security benefits).

■ Under the facts of this case, Burger was already in arrears before the period of disability which entitled his children to social security benefits. He did make partial support payments during the period. The court found he had sustained an additional arrearage during the period of his disability of $1,325. We conclude the circuit court properly exercised its discretion in giving Burger credit only for the amount of support he was unable to pay during the time the social security benefits were received.

Burger's third allegation, that he was improperly held in contempt, is based on his interpretation of *Anderson v. Anderson,* 72 Wis. 2d 631, 242 N.W.2d 265 (1976), which he claims holds that the fact an arrearage in support payments has accrued does not by itself support a finding of contempt. It is true that mere inability to pay child support cannot form the basis for a contempt finding. However, a person can be held in contempt of court for failure to pay money where "the refusal is willful and contemptuous and not a result of his inability to pay." *Anderson,* 72 Wis. 2d at 647, 242 N.W.2d at 173, *quoting O'Connor v. O'Connor,* 48 Wis. 2d 535, 542, 180 N.W.2d 735, 739 (1970); *see also* secs. 767.30(3) and 767.305, Stats. In *Rust v. Rust,* 47 Wis. 2d 565, 570–71, 177 N.W.2d 888, 891 (1970), this court held that the contempt power of a court is the proper remedy for flouting an order for payment of support.

Considering the gross income available to Burger, we conclude inability to pay was not demonstrated on this record. Moreover, Burger's continuing arrearages, beginning in 1982 and specifically accruing after his former spouse brought orders to show cause for his failure to pay, are evidence of willful disobedience. If the circuit court concludes from past performance that a paying parent cannot be relied upon to keep up on support obligations until some legal force is exerted, use of contempt is "perfectly justified." *See Foregger v. Foregger,* 48 Wis. 2d 512, 521, 180 N.W.2d 578, 582–83 (1970) There is no doubt on this record that the circuit court properly exercised its discretion. The evidence amply supports that the finding of contempt was warranted.

Burger contends a fourth error in the circuit court's modification occurred because it failed to grant him the ability to claim both children as dependents for tax purposes. There is no specific statute in Wisconsin which controls disposition of tax exemptions upon judgment of divorce or its modification. The Internal Revenue Code, sec. 152(e) (1988), makes an assumption that the custodial parent should be permitted to claim children as dependents for tax purposes unless the noncustodial parent has provided more support than the custodial parent or the original divorce decree awarded the tax exemption to the noncustodial parent. Neither of these showings is supported by the record in this action.

Burger claims that since Koos has no earnings, she is not entitled to a tax exemption. The tax exemption determination is not presumed to be awarded to a particular parent or on the basis of earning under the modification of judgment statute, sec. 767.32. The circuit court articulated a rational basis for finding that Burger should not be rewarded with both tax exemptions because of his continued arrearages. We conclude no abuse of discretion occurred in making this ruling.

Finally, Burger argues that his employer's practice of taking child support payments out of checks issued in the same week violates the wage assignment of the divorce decree because his initial support order specified that he was responsible for paying only $75.00 per week. Under the wage assignment as revised by the circuit judge, a discretionary finding was made that, because Burger had been in arrears for a prolonged period of years, his employer's practice

529

was appropriate. The power vested in the family court to promote stability and the best interests of the family regardless of the desires of the respective parties, "reflects a recognition that children involved in a divorce are always disadvantaged parties and that the law must take affirmative steps to protect their welfare." *Krause,* 58 Wis. 2d at 509, 206 N.W.2d at 595 (1973), *quoting Kritzik,* 21 Wis. 2d at 448, 124 N.W.2d at 585. Burger failed to show why the court's exercise of discretion in making such a finding was unreasonable in light of his continued arrearages. *See Wisconsin Public Service Corp. v. Krist,* 104 Wis. 2d 381, 395, 311 N.W.2d 624, 631 (1981) (appellate courts will not reverse a circuit court refusal to grant relief unless the court abused its discretion or no reasonable basis exists for the court's decision). We therefore affirm its wage assignment holding.

*By the Court.*—The order of the circuit court is affirmed.