IN RE the MARRIAGE OF: Renee LONG, f/k/a Renee Wasielewski, Petitioner-Respondent,

v.

Edward A. WASIELEWSKI, Appellant.

Court of Appeals

*No. 88–0005. Submitted on briefs August 9, 1988.—Decided October 12, 1988.*

(Also reported in 432 N.W.2d 615.)

For the appellant the cause was submitted on the briefs of *Spector & Berlin* by *Sidney Spector,* of Milwaukee.

For the petitioner-respondent the cause was submitted on the briefs of *James A. Walt* and *James L. Walt,* with *Mark J. Ratke* of counsel, of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

MOSER, P.J.   Edward A. Wasielewski (Wasielewski) appeals from an order modifying child support. Wasielewski contends that the trial court abused its discretion when it found a change in circumstances without holding an evidentiary hearing. He also contends that the trial court abused its discretion when it applied the percentage of income standards to set child support under the erroneous conclusion that use of the standards was mandated. Because we agree with both contentions, we reverse the trial court's order and remand for further proceedings.

Wasielewski and Renee Long (Long) were divorced in 1978, and the original child support order was modified in 1982. In 1987, Long filed an affidavit requesting increased child support. The matter was heard by the assistant family court commissioner who denied the request for modification but made factual findings showing an increase in wages for both Long and Wasielewski.

Long filed a motion for circuit court review pursuant to sec. 767.13(6), Stats. That section provides for review of a decision of the family court commissioner by the circuit court. Upon the motion of a party, the review shall include a new hearing on the subject of the decision. Sec. 767.13(6). At the court hearing, Long argued that Wasielewski's income was higher and his expenses were lower than what Wasie-

lewski had presented to the assistant family court commissioner.

The circuit court refused Wasielewski's request for an evidentiary hearing relying instead upon the assistant family court commissioner's factual findings and the arguments of counsel. The court ruled that a change of circumstances had occurred, citing counsel's statements that Wasielewski's income had increased 44% and Long's income had increased 66%. Stating that it was mandated to apply the percentage guidelines, the court ordered Wasielewski to pay 25% of his income to support the parties' two children.

A trial court may modify a child support order if there has been a substantial or material change in the circumstances of the children. *Burger v. Burger,* 144 Wis. 2d 514, 523, 424 N.W.2d 691, 695 (1988). The parent seeking the modification has the burden of establishing that there has been a substantial change. *Poehnelt v. Poehnelt,* 94 Wis. 2d 640, 647, 289 N.W.2d 296, 300 (1980). Whether a change in circumstances is substantial or material is a legal standard which is ordinarily a question of law. *Harris v. Harris,* 141 Wis. 2d 569, 574, 415 N.W.2d 586, 589 (Ct. App. 1987). Because the legal conclusion is intertwined with the trial court's factual findings, however, this court will give weight to the trial court's conclusion that a change in circumstances is substantial. *Id.* at 574–75, 415 N.W.2d at 589.

Even where there is a substantial change in circumstances, the court has the discretion to refuse to modify a child support award. *Tozer v. Tozer,* 121 Wis. 2d 187, 189–90, 358 N.W.2d 537, 539 (Ct. App. 1984). Discretion is properly exercised if "the record reflects

that the court considered the needs of the custodial parent and children, and the ability of the non-custodial parent to pay." *Burger,* 144 Wis. 2d at 523–24, 424 N.W.2d at 695.

If a decision is left to the trial court's discretion, this court will not reverse unless an abuse of discretion is shown. *Ashraf v. Ashraf,* 134 Wis. 2d 336, 340, 397 N.W.2d 128, 130 (Ct. App. 1986). An abuse of discretion occurs when the trial court fails to consider the proper factors or makes a mistake with respect to the facts upon which the award is based. *Id.* An abuse of discretion also occurs when the trial court applies an erroneous interpretation of the law. *State v. City of La Crosse,* 120 Wis. 2d 263, 268, 354 N.W.2d 738, 740 (Ct. App. 1984).

In determining whether a substantial change of circumstances had occurred, the trial court relied only on the assistant family court commissioner's finding and counsel's acknowledgment that the parties' wages had increased. In determining either the noncustodial parent's ability to pay or the needs of the custodial parent and children, however, the trial court must consider the parties' "total economic circumstances." *See* sec. 767.32(1), Stats. Total economic circumstances also include the parents' other income and the expenses of the parents and children. In order for the court to find a substantial change of circumstances, an evidentiary hearing must be held if the parties do not stipulate on all relevant items. The trial court cannot rely exclusively on the proceedings before the assistant family court commissioner, as no record is made of that proceeding. *See* SCR 71.01(2) (list of proceedings requiring reporting does not include proceedings

before family court commissioner); *Forsythe v. Family Court Comm'r,* 131 Wis. 2d 322, 327, 388 N.W.2d 580, 583 (1986) (recognizes right of parties to family court commissioner proceeding to make recording for own use.

The trial court also abused its discretion by applying an erroneous interpretation of the law. In a proceeding to modify child support, a trial court is not mandated to apply the percentage of income standards established by the Department of Health and Social Services (DHSS) and published in Wis. Admin. Code sec. HSS 80.03(1) (August 1987).

Section 767.25, Stats., is the general section governing child support. It provides that the court shall establish child support payments using the percentage of income standards established by DHSS unless, upon the request of a party, the court finds by clear and convincing evidence that their use is unfair to the child or a party. Sec. 767.25(1j) and (1m). A request for modification, however, is filed pursuant to sec. 767.32(1), Stats., which governs actions to modify "a judgment providing for child support under sec 767.25." A modification proceeding is not specifically identified in sec. 767.25(1) as a proceeding to which the percentage of income standards apply. Because the specific language of sec. 767.32(1) refers to modification of a judgment under the statute mandating the use of the percentage standards, and because sec. 767.32(1) provides a standard for determining if the judgment should be modified, we conclude that the trial court is not required to use the percentage of income standards in setting the amount of support.

We do not agree with Wasielewski's assertion that the trial court cannot use the percentage of income standards to determine the amount of support in a

modification proceeding. The supreme court tacitly approved reliance on the percentage of income standards in *Burger,* 144 Wis. 2d at 525–26, 424 N.W.2d at 695–96. If the trial court properly determines that there has been a substantial change of circumstances, the court may, in its discretion, use the percentage of income standards to establish the amount of support.

*By the Court.*—Order reversed and cause remanded.