IN RE the MARRIAGE OF:

Ann M. ZUTZ, n/k/a Ann M. Preston, Petitioner-Respondent,

v.

Gregory S. ZUTZ, Respondent-Appellant.

Court of Appeals

*No. 96–1136. Submitted on briefs December 26, 1996.—Decided January 29, 1997.*

(Also reported in 559 N.W.2d 919.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Gary L. Bendix* and *Maja M. Roosjen* of *Savage, Gregorski, Webster, Stangel, Bendix & Bruce, S.C.* of Manitowoc.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Joseph M. Pozorski, Jr.* and *Andrew J. Steimle* of *Kaminski, Pozorski & Greig* of Manitowoc.

Before Snyder, P.J., Brown and Nettesheim, JJ.

BROWN, J.  Gregory S. Zutz appeals from the family court's order denying his motion to modify his child support obligation. Although the family court found that a "substantial change in circumstances" had occurred since the divorce, the court declined to modify child support because it determined that doing so would be contrary to what Gregory and his former wife, Ann, contemplated when they entered into their stipulated divorce agreement. Although Gregory argues that changes to § 767.32, STATS.,[1] which occurred subsequent to the divorce, demand that his child support payments now be calculated according to the percentage standards set by the Department of Health and Social Services (DHSS), we conclude that the changes only affected how the family court should

---

[1] The legislature made further changes to § 767.32, STATS., during the 1995 session. *See, e.g.,* 1995 Wis. Act 404, § 250. Gregory's argument, however, does not concern these changes.

determine if there has been a substantial change in circumstances. The statutory changes did not curtail the family court's discretionary power to consider an existing agreement and not modify child support arrangements when such a modification would be unfair to the child or one of the parties. We affirm the family court's order.

Gregory and Ann were divorced in 1990. They have one child, Meghann Marie, who is now thirteen years old. Ann and Gregory share legal custody and physical placement of their daughter according to the terms set out in their marital settlement agreement. At the time of the divorce, Gregory was employed as a sheet metal worker and had a gross monthly income of approximately $2411; Ann was a dental assistant earning approximately $989 per month. Because Gregory was earning a greater income, they agreed that he would provide Ann with child support of $224 per month.[2]

Since Gregory and Ann entered into this agreement, however, each has experienced some changes in circumstances. Ann remarried in September 1993 and had twin daughters with her new husband in July 1994. Moreover, owing to her new child care responsibilities, Ann has reduced her work hours. Ann's income has decreased to approximately $177 per month. The change in Gregory's life pertinent to our analysis is that his monthly income has increased. His monthly income is now approximately $2890, almost $500 more than it was at the time of the divorce.

---

[2] The agreement originally set child support at $280 per month until June 1990. It scheduled support to decrease to $224 and remain at that level until their daughter reached the age of majority.

The current proceedings began in October 1995 when Gregory moved to amend the divorce judgment, specifically seeking to modify his child support obligation. As grounds, Gregory relied on the statutory rebuttable presumption that in cases where child support is a fixed payment (not a percentage of income), the passage of thirty-three months is a substantial change in circumstances "sufficient to justify a revision." *See* § 767.32(1)(b) and (1)(b)2, STATS. Ann also filed a motion to modify child support; she cited her substantial decrease in income.

After the family court commissioner denied both motions, the matter was set for review in the family court. The family court held an evidentiary hearing where it heard testimony from Ann and Gregory regarding their respective financial circumstances.

The family court then proceeded to deny Ann and Gregory's respective motions. The court's analysis first involved a legal conclusion regarding Gregory's claim that under § 767.32(1)(b)2 and (2), STATS., the passing of thirty-three months mandated that the court recalculate the appropriate child support award according to DHSS standards. The court rejected this argument, concluding that it could not overlook Ann and Gregory's prior agreement and that it still had to make a decision about whether to modify child support.

Then, turning to the merits, the family court made the following findings. The court found that each party experienced what it termed "substantial changes." Here, the court noted that Ann's choice to stay at home with her new children had caused a significant decrease in her income; moreover, it noted that Gregory had enjoyed an increase in his income. Nonetheless, the court also found that the needs of Ann and Gregory's daughter were still being met. Based on

these findings, the court ultimately concluded that it would not upset Ann and Gregory's original agreement regarding child support because the "substantial changes" that each experienced had not resulted in a situation "unfair for either of the parents or the child that would necessitate a change in the judgment . . . ." Gregory appealed.

■

The family court's treatment of a motion to modify child support generally involves a question of whether the court engaged in a proper exercise of discretion. *See Burger v. Burger*, 144 Wis. 2d 514, 523, 424 N.W.2d 691, 695 (1988). We usually inquire if the court has considered the needs of the child and the parents' ability to pay. *See id.* at 523-24, 424 N.W.2d at 695. Our review of such discretionary decisions is confined to whether the court examined the relevant facts, applied the proper legal standards and reached a logical decision. *See Luciani v. Montemurro-Luciani*, 199 Wis. 2d 280, 294, 544 N.W.2d 561, 566 (1996).

However, we do not read Gregory's appellate claim to question the family court's assessment of the facts. Rather, Gregory presents the legal question of whether the family court properly applied the statutory presumption within § 767.32(1)(b)2, STATS., that was triggered because thirty-three months had passed since child support was originally set. Gregory argues that because this presumption applied, the family court was not permitted to even consider Ann and Gregory's agreement and was instead required to examine their relationship de novo, including the presumption that DHSS guidelines should be used to calculate child support. *See* § 767.32(2); *see also Luciani*, 199 Wis. 2d at 294-95, 544 N.W.2d at 566-67.

Gregory supports his interpretation of the thirty-three month statutory presumption with citations to the legislative history of the bill that created it. *See* 1993 Wis. Act 16, §§ 3627 and 3629. He argues that the legislature, responding to federal law, enacted this thirty-three month presumption because "child support orders which predated the enactment of the percentage standard needed to be revised in conformance with [DHSS's] mandatory standard." He further explains that before this presumption came into effect, the family court had been required to use the DHSS standards only when formulating child support orders; thus, the new law was designed to ensure that existing orders were brought into conformity with the DHSS standards.

However, the manner in which Gregory interprets this legislative history does not square with the manner in which the legislature crafted this presumption. The section establishing the thirty-three month presumption provides:

> (b) In any action under this section to revise a judgment or order with respect to an amount of child support, any of the following shall constitute a rebuttable presumption of a substantial change in circumstances sufficient to justify a revision of the judgment or order:
>
>  . . . .
>
> 2.  . . . the expiration of 33 months after the date of the entry of the last child support order . . . .

Section 767.32(1), Stats. A "substantial change in circumstances," which this presumption establishes, is the prerequisite that a party must meet to modify an existing child support order. *See Burger*, 144 Wis. 2d at 523, 424 N.W.2d at 695. However, while the legislature

created this presumption, it did not modify § 767.32(2m), which permits the family court, even when there exists a "substantial change in circumstances," to set aside the DHSS standards should their use be unfair to the child or any of the parties. *See Kelly v. Hougham,* 178 Wis. 2d 546, 553-54, 504 N.W.2d 440, 443 (Ct. App. 1993).

Thus, contrary to Gregory's claim, the 1993 legislative changes did not curtail the discretion of the family court to set aside the DHSS standards. The thirty-three month presumption that Gregory relies on did only one thing: it set out a rule that the elapse of thirty-three months gives a party a prima facie claim that child support should be modified. Aside from that, however, the family court maintains its discretionary authority to hear evidence and evaluate if the DHSS standards should possibly not apply because they would result in unfairness.

Here, the family court recognized that Gregory had established a prima facie claim. In fact, it asked whether he "wish[ed] to add further muscle to [his] statutory case by testimony or not?" Although Gregory did not put in his own case and relied on the evidence adduced through Ann's evidentiary presentation, the family court partially agreed with his position and found that there was "substantial change."

Nonetheless, as we outlined above, once the family court reached this conclusion, the thirty-three month statutory presumption became irrelevant to the issue of whether child support should be modified. And as we also explained above, the family court found that there was no reason to set aside Ann and Gregory's previous agreement, even though it was not in accordance with DHSS standards, because the agreement was still

serving the needs of their child and was still fair to Ann and Gregory.

Indeed, we find a strong analogy between this case and *Jacquart v. Jacquart*, 183 Wis. 2d 372, 515 N.W.2d 539 (Ct. App. 1994). There, the parties had likewise entered into a stipulated agreement concerning the husband's child support payments to his former wife. Although the exact terms of the Jacquarts' agreement were much more flexible than those in Ann and Gregory's, the family court paid similar respect to the Jacquarts' agreement and refused to modify support because it found that the existing agreement was accommodating the changes in their circumstances. *See id.* at 388-89, 515 N.W.2d at 545. Thus, the family court's treatment of Ann and Gregory's agreement is in accordance with the principle set out in *Jacquart* that the court may give weight to existing agreements when making a determination of whether to modify child support to meet DHSS standards.

Having concluded that the family court, contrary to Gregory's claim, properly interpreted and applied the thirty-three month statutory presumption within § 767.32(1)(b)2, Stats., the only remaining question is whether the court properly exercised its discretion when it rejected Gregory's motion to modify support. *See Burger*, 144 Wis. 2d at 523, 424 N.W.2d at 695. However, Gregory has not raised any claim that the family court erred in its findings concerning his or Ann's economic situation or the needs of their daughter. We therefore affirm the family court's choice to maintain the existing child support order.

*By the Court.*—Order affirmed.