# COURT OF APPEALS
# DECISION
# DATED AND FILED

## July 27, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP359**

Cir. Ct. No. **2011FA130**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

IN RE THE MARRIAGE OF:

BOBBIE JO JEAN HENDON,

JOINT-PETITIONER-RESPONDENT,

V.

JOHN HARLAND HENDON,

JOINT-PETITIONER-APPELLANT.

APPEAL from an order of the circuit court for Pierce County: JOSEPH D. BOLES, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  John Hendon appeals an order granting Bobbie Jo Hendon's motion to modify child support.  John argues the circuit court erroneously exercised its discretion by concluding there was a substantial change in circumstances justifying an increase in his monthly child support obligation. We reject John's arguments and affirm the order.

## BACKGROUND

¶2     John and Bobbie Jo divorced in February 2012 and they had two minor children who, at that time, were ages fourteen and seven.  In March 2019, the parties stipulated that John would pay child support totaling $900 per month until the couple's youngest child turned eighteen years old.  The parties further stipulated that John would continue to pay one-half of the following costs for the minor child:  (1) out-of-pocket medical and dental expenses; (2) driver's education costs; and (3) senior class trip costs.  The circuit court approved the parties' stipulation.

¶3     In January 2020, Bobbie Jo filed the underlying motion to modify child support, alleging that John's income had increased and that he had failed to pay variable costs agreed upon by the parties and ordered by the circuit court.  At a hearing on her motion, Bobbie Jo stated she would have "no problem" paying all of the variable costs for the minor child if the court increased John's child support obligation.  The circuit court determined that John's income was "roughly the same" as it was when the existing support order was set; however, it acknowledged John's failure to pay his half of the variable costs.  The court ultimately found that John had $7,916.67 in monthly income available for support; it was fair and appropriate to apply the Department of Children and Families ("DCF") guidelines for setting child support, "specifically, high-income payer

status"; and there had been a material change in circumstances since the last order revising support.

¶4      The circuit court consequently increased John's monthly support payment to the amount specified under the DCF guidelines—$1,319 per month—until the minor child turned eighteen years old, or until she turned nineteen years old if she was enrolled in an accredited course toward a high school diploma or its equivalent.  The court, however, determined John was no longer responsible for contributing to the variable costs for the minor child.  This appeal follows.

## DISCUSSION

¶5      John argues that the circuit court erred by concluding Bobbie Jo established a substantial change in circumstances warranting the modification of child support pursuant to WIS. STAT. § 767.59(1f) (2019-20).[1]  Generally, we review a circuit court's decision to modify child support for a proper exercise of discretion.  *See Zutz v. Zutz*, 208 Wis. 2d 338, 342, 559 N.W.2d 919 (Ct. App. 1997).  We will affirm a court's exercise of discretion if it examined the relevant facts, applied the proper legal standards, and reached a logical decision.  *Id.*  Even if a circuit court fails to articulate the reasons for its decision, we will independently review the record to determine whether there is any reasonable basis upon which we may uphold the court's discretionary decision.  *State v. Davidson*, 2000 WI 91, ¶53, 236 Wis. 2d 537, 613 N.W.2d 606.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶6      A circuit court may modify child support if there has been a substantial or material change of circumstances of the parties or the children since the date of the last support order.  *See **Poehnelt v. Poehnelt***, 94 Wis. 2d 640, 648-49, 289 N.W.2d 296 (1980).   The burden of demonstrating a substantial change in circumstances is on the party seeking modification.  ***Kelly v. Hougham***, 178 Wis. 2d 546, 556, 504 N.W.2d 440 (Ct. App. 1993). We will not disturb a circuit court's findings of fact unless they are clearly erroneous.  *See **Rohde-Giovanni v. Baumgart***, 2003 WI App 136, ¶5, 266 Wis. 2d 339, 667 N.W.2d 718. However, we "independently determine whether the moving party has shown a substantial change in circumstances" as a matter of law.  ***Jalovec v. Jalovec***, 2007 WI App 206, ¶22, 305 Wis. 2d 467, 739 N.W.2d 834.  Our determination must nevertheless give weight to the circuit court's decision "because the determination is heavily dependent upon an interpretation and analysis of underlying facts."  *See **Pero v. Lucas***, 2006 WI App 112, ¶23, 293 Wis. 2d 781, 718 N.W.2d 184 (reviewing a decision regarding proposed modification of custody or placement that also required a showing of a substantial change in circumstances).

¶7      John argues that the circuit court erred because the nonpayment of variable costs does not fall within any of the statutory scenarios giving rise to a rebuttable presumption of a substantial change in circumstances, especially where there has not been a change in the payer's income.  The statute provides, as relevant here, that there is a rebuttable presumption of a substantial change in circumstances where there is:

> A difference between the amount of child support ordered by the court to be paid by the payer and the amount that the payer would have been required to pay based on the percentage standard established by the department under s. 49.22(9) if the court did not use the percentage standard in determining the child support payments and did not provide the information required under s. 46.10(14)(d),

49.345(14)(d), 301.12(14)(d), or 767.511(1n), whichever is appropriate.

WIS. STAT. § 767.59(1f)(b)4.

¶8 The prior stipulation for $900 in monthly child support deviated from the DCF percentage standard, and it does not appear that the circuit court considered the information required under the statute when it approved the prior stipulation. This circumstance alone created a rebuttable presumption of a substantial change in circumstances, providing a basis for the court's modification order.

¶9 Although John acknowledges the deviation from the DCF percentage standard, he suggests, in conclusory fashion, that WIS. STAT. § 767.59(1f)(b)4. does not apply because the "parents both agreed" to the deviation. However even if we assume the parties' agreement renders § 767.59(1f)(b)4. inapplicable, John fails to address the other delineated situations that "may constitute a substantial change of circumstances sufficient to justify revision of the judgment or order," including a catch-all provision for where there is "[a]ny other factor that the court determines is relevant." Sec. 767.59(1f)(c)4.

¶10 Given the catch-all provision, we reject John's claim that there cannot be a substantial change in circumstances based on nonpayment of variable costs or where the payer's income is unchanged. Here, the circuit court properly exercised its discretion when it considered John's failure to pay stipulated variable costs to be a relevant factor constituting a substantial change of circumstances justifying the modification of child support. Although there was no requirement that he pay the variable costs within a certain period of time, and he claims he was not provided with receipts or bills for those costs, the court implicitly credited

Bobbie Jo's testimony that John knew what the costs were and failed to pay them for months. *See generally* **State v. Echols**, 175 Wis. 2d 653, 672-73, 499 N.W.2d 631 (1993); *see also* **State v. Quarzenski**, 2007 WI App 212, ¶19, 305 Wis. 2d 525, 739 N.W.2d 844 ("To the extent the circuit court's conclusions are rooted in the witnesses' credibility, we will accept those determinations," and if the circuit court fails to make "express" credibility findings, we assume that the court "made implicit findings on a witness's credibility when analyzing the evidence."). When acting as the finder of fact, the circuit court is the ultimate arbiter of witness credibility. **Lessor v. Wangelin**, 221 Wis. 2d 659, 665, 586 N.W.2d 1 (Ct. App. 1998). Further, the court specifically exempted John from having to contribute to the variable costs for the minor child, which supports the conclusion that the court considered John's failure to pay those costs when deciding to increase the support order.

¶11 John nevertheless argues that if Bobbie Jo believed he was not complying with the parties' stipulation, "contempt was the proper remedy, not modification of a support order." John, however, provides no authority to support his argument that Bobbie Jo was required to pursue contempt rather than child support modification, and the circuit court could properly determine that modifying the stipulated order was preferable to the exchange of expense receipts and the potential periodic return to court that contempt proceedings would entail.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

6