**COURT OF APPEALS
DECISION
DATED AND FILED**

**December 23, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1404**

**STATE OF WISCONSIN**

Cir. Ct. No. 2010FA160

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE MARRIAGE OF:

MICHAEL S. EISENGA,

 PETITIONER-APPELLANT,

 V.

CLARE A. HAWTHORNE PKA CLARE A. EISENGA,

 RESPONDENT-RESPONDENT.

 APPEAL from an order of the circuit court for Columbia County: TODD J. HEPLER, Judge. *Affirmed*.

 Before Kloppenburg, Fitzpatrick, and Nashold, JJ.

 **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Michael Eisenga appeals an order denying his motion to modify child support. We affirm.

¶2 Eisenga's motion sought to modify a child support order. As explained in an accompanying affidavit, Eisenga was at that time subject to an order to pay $15,000 per month in child support as a floor that had been entered pursuant to an arbitrator's decision at the time of divorce. He asserted that a substantial change in his circumstances had occurred, and he asked the circuit court to set a new child support amount based on application of DCF support guidelines to his current income.

¶3 The circuit court held an evidentiary hearing and denied the motion. In its written decision, the court found Eisenga not credible, and stated that it was difficult for the court to determine the actual amount of his estate, which was the main source for his child support payments. The circuit court stated in its written decision that Eisenga failed to meet his burden to establish a substantial change in circumstances.

¶4 Eisenga argues that the circuit court failed to apply the presumption provided in WIS. STAT. § 767.59(1f)(b)2. (2019-20).[1] That statute provides that a revision in child support may be made only upon a finding of a substantial change in circumstances, but when, as here, the amount of support is not expressed as a percentage of parental income, there is a rebuttable presumption that the expiration of thirty-three months after the entry of the last child support order is a substantial change in circumstances sufficient to justify a revision. Sec. 767.59(1f)(b)2. The

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

parties agree that in this case more than thirty-three months had passed since the prior order.

¶5      Eisenga's argument is based on the fact that the circuit court decision did not refer to the statutory presumption, and on language in its decision that, he contends, showed the court was placing the burden on him to show that there had been a substantial change in circumstances.  He argues that instead, because respondent Clare Hawthorne did not rebut the statutory presumption that a substantial change in his circumstances sufficient to warrant a revision had occurred, the court should have determined child support without regard to the existing order, by applying DCF guidelines to the parties' current incomes, unless Clare established that the guidelines should be deviated from.  *See* WIS. STAT. § 767.59(2)(a), (2)(b).

¶6      We conclude that the circuit court implicitly applied the presumption statute and then determined that the support order should not be revised because Eisenga did not provide credible financial information.

¶7      We previously rejected an argument similar to Eisenga's in ***Zutz v. Zutz***, 208 Wis. 2d 338, 559 N.W.2d 919 (Ct. App. 1997).  In ***Zutz***, the circuit court determined that a substantial change in circumstances had occurred for both parties, but then denied the modification motion because the changes in circumstances had not resulted in a situation that was unfair for the parents or the child that would necessitate a change in support.  ***Id.*** at 341-42.  We held that, even when the movant shows that the statutory presumption applies, that presumption does not prevent the court from declining to use the DCF standards because they would be unfair to the child or the parties.  ***Id.*** at 343-45.  In other words, meeting the terms of the presumption does not mean that a revision of

3

support is required to occur, because the court may still determine that use of the standards is unfair.

¶8 Here, as we stated, the circuit court found that Eisenga's financial information was not credible. He does not dispute that finding on appeal. He also does not provide any calculation of what he believes the correct support payment would be under DCF guidelines, based on information in the record.

¶9 Instead, Eisenga argues that the circuit court should now hold "a very standard child support hearing" to determine his income and support obligation. However, Eisenga fails to acknowledge that the court has already held an evidentiary hearing on his motion, at which he failed to provide credible financial information. Without such information, the court was unable to determine Eisenga's income and apply the DCF percentage, or to determine whether doing so would have been unfair. In the absence of credible information from the movant, we are satisfied that the court did not erroneously exercise its discretion by leaving the existing support order in place, declining to apply the DCF standards, and denying Eisenga's motion for a revision.

¶10 Eisenga moves for sanctions under WIS. STAT. RULE 809.83(2) against Hawthorne's attorney for citing an unpublished opinion of this court that may not be cited under WIS. STAT. RULE 809.23(3)(a). In addition to the citation noted in the motion, we note a second such citation on the same page of the respondent's brief. We decline to impose a sanction, but we caution counsel not to repeat the error.

¶11 The motion for sanctions is denied.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.