Doris HASKIN, Plaintiff,

v.

SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.

No. CV–81–2665.

United States District Court, E.D. New York.

June 17, 1983.

Doris Haskin, pro se.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Robert L. Begleiter, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

ALTIMARI, District Judge.

By Report and Recommendation dated February 23, 1983, Magistrate Jordan recommended that the Secretary's motion for judgment on the pleadings be granted, and ordered all objections to that recommendation filed by March 9, 1983. Plaintiff requested, and was granted, an extension of time to reply to April 15, 1983. A timely reply was filed and received by the Court on April 13, 1983. By appropriate Order, this action is now before the Court.

The plaintiff, Doris Haskin, complains that her Social Security Supplemental Income (SSI) payments are being decreased each time her retirement benefits are increased, and that such decreases are improper since her overall income is not increased. She asserts that since she was not receiving retirement benefits at the time her SSI eligibility was determined, those benefits should not be applied to reduce her SSI grant. In addition, the plaintiff argues that records concerning her years of covered employment were improperly maintained, resulting in her not obtaining the

full benefits of her entitlement. The plaintiff also asserts that the government has unconstitutionally discriminated against her by awarding SSI benefits to persons who never contributed to the Social Security fund. Finally, the plaintiff requests a jury trial, arguing that the Sixth Amendment guarantees her this right.

The Secretary contends that the only issue is whether the agency's action reducing the plaintiff's SSI payments in response to an increase in retirement benefits is supported by substantial evidence.

DISCUSSION

The plaintiff was receiving disability benefits from New York State at the time the SSI program was instituted on January 1, 1974. By virtue of this fact, she benefitted from a statutory provision requiring that those persons already receiving benefits under a State plan could not have their total monthly income reduced below the amount of those benefits as of December 1973. 42 U.S.C. Section 1382(h). As a result, the plaintiff was entitled to more benefits than she would have received had she not been receiving State benefits at the time.

■ The SSI program involves a flat grant to eligible recipients, regardless of individual need. Benefits are available to all persons 65 years of age or older, and to all blind or disabled persons with limited resources and income. 42 U.S.C. Section 1381 (1976). The exact amount of the grant is continuously subject to reduction in the event a recipient obtains any earned or unearned income not excluded by statute. 42 U.S.C. Sections 1381a (1976), 1382 (1976); see, discussion in Glasgold v. Secretary of Health and Human Services, 558 F.Supp. 129 (E.D.N.Y.1982) (Pratt, J.), aff'd sub nom., Rothman v. Schweiker, 706 F.2d 407 (2d Cir.1983). Plaintiff's retirement benefits are among those categories of income specifically included as unearned income. 42 U.S.C. Section 1382a(a)(2)(B) (1976). Thus, the fact that the plaintiff was not receiving retirement benefits at the time of the calculation of her SSI eligibility is irrelevant to a present reduction of SSI benefits. Any corresponding reduction in SSI payments each time the plaintiff's retirement benefits are increased is merely in furtherance of the agency's statutory authority. As to plaintiff's complaints about the effects of inflation, Congress has addressed this problem by providing a statutory framework for cost-of-living increases, pursuant to 42 U.S.C. Section 415(i)(2)(A)(ii) (1976 and supp. II 1978) and 42 U.S.C. Section 1382 (1976).

Plaintiff's objection to the improper maintenance of her work record need not be considered by the Court, since such records are not incorporated into the calculation of SSI benefits.

■ The final argument proffered by the plaintiff concerning the reduction of her SSI benefits centers upon an equal protection claim. Since some recipients of supplemental security income have not contributed social security payments, the plaintiff argues that the government is unconstitutionally discriminating against her. This argument, however, fails to account for the source of SSI funds and the power of the government in dispensing such funds. First, in contrast to the Social Security program, which is funded through designated taxes "paid by workers, employers, and self-employed people," 2 H. McCormick, Social Security Claims and Procedures 418 (3d ed. 1983), the Supplemental Security Income program "is financed from general funds of the United States Treasury—personal income taxes, corporation taxes, and other taxes," id. Thus, the lack of direct contributions to the Social Security fund by some recipients of SSI benefits would not preclude them from sharing in the SSI fund. Second, the mere fact that a particular classification made by a law is "imperfect" does not necessarily constitute a violation of the Equal Protection Clause. Mathews v. DeCastro, 429 U.S. 181, 185, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976); Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970). The Court's power of review of congressional policy is very limited, and legislation conferring monetary benefits is entitled to a "strong presumption of constitutionality." Mathews, 429

U.S. at 185, 97 S.Ct. at 434; *Schweiker v. Wilson,* 450 U.S. 221, 238, 101 S.Ct. 1074, 1085, 67 L.Ed.2d 186 (1981). The traditional standard of review employed by the Courts is the rational-basis test, and legislation will not fail this test "merely because it is not made with mathematical nicety or because in practice it results in some inequality." *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911). In this case, the legislation is rationally related to legitimate governmental objectives including that of standardizing treatment of SSI recipients nationwide, H.R.Rep. No. 92–231, 92d Con.2d Sess. (1972), *reprinted in* [1972] *U.S.Code Cong. & Ad.News* 4989. Further, the Court may not substitute its view of "good public policy" for that of the legislature. *Schweiker,* 450 U.S. at 234, 101 S.Ct. at 1082. The legislature's decision to draw money for the SSI program from a general fund and its determinations of eligibility are therefore afforded great deference by this Court, and its granting of benefits to particular individuals will be respected.

Finally, the plaintiff has requested that the issues involved in this action be heard by a jury. A Court may not, however, try a decision of the Secretary, *de novo* on review. *Brown v. Finch,* 429 F.2d 80, 82 (5th Cir.1970). The Court is limited to a determination of whether the Secretary's decision was based upon substantial evidence. 42 U.S.C. Section 504(b) (1976).

CONCLUSION

Based upon the foregoing, the Court finds that the reduction of plaintiff's SSI benefits was based upon substantial evidence and a correct interpretation of the statutes. The Secretary's motion for judgment on the pleadings is granted.

SO ORDERED.