Henry A. GYGI and Shirley Irene Gygi, Plaintiffs-Respondents,†

v.

James A. GUEST, Clayton Malaise, and Chet Holloway, Defendants-Appellants,

NORTHWESTERN LOAN CORPORATION, Defendant.

Court of Appeals

No. 83–518. Submitted on briefs December 5, 1983.—
Decided January 24, 1984.
(Also reported in 344 N.W.2d 214.)

† Petition to review denied.

For the appellants the cause was submitted on the briefs of *Thrasher, Doyle & Pelish, Ltd.*, of Rice Lake.

For the respondents the cause was submitted by *Gavic Law Office* of Spring Valley.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J.  James Guest, Clayton Malaise, and Chet Holloway appeal a judgment for Henry and Shirley Gygi in an action based on a state securities violation.  The Gygis brought this action pursuant to sec. 551.21, Stats., after Henry purchased Northwestern Loan Corporation stock that was neither registered nor exempted from state registration at the time of the purchase.[1]  The appellants contend that the one-year statute of limitations of sec. 551.59(5), Stats., bars the Gygis' action.  The relevant portion of that section states "[n]o action shall be maintained under this section unless commenced be-

---

[1] Section 551.21, Stats., requires all securities sold in Wisconsin to be either registered or exempted from registration.

fore . . . the expiration of one year after the discovery of the facts constituting the violation . . . ." The trial court reversed the jury's special verdict and held that there was no credible evidence to support a finding that Henry knew, more than one year before he commenced his action, that the stock sale was illegal. Because the statute requires only that the defrauded party have sufficient knowledge to make a reasonable person aware of the need for diligent investigation, and because there was credible evidence that Henry had that knowledge more than a year before he commenced this action, the judgment is reversed.

Appellants were officers and directors of the Northwestern Loan Corporation. Sometime prior to June, 1977, Henry discussed with each of them the possibility of his investing in the corporation. On June 13, 1977, Henry paid Northwestern $20,000 for the purchase of preferred stock. Northwestern's registration with the Wisconsin commissioner of securities, however, had lapsed a few months earlier. Guest had written the commissioner of securities on June 8, 1977, requesting an exemption to sell $20,000 of preferred stock to Henry. Guest testified that he told Henry, both prior to and on June 13, that they had to get the exemption before he could get his stock certificates, but Henry continually asked about investing and finally insisted that Guest take the $20,000 check.[2] Henry also signed a letter dated June 29, 1977, addressed to the commissioner of securities indicating he knew that the debt obligations of the corporation would take priority over any payments to preferred stockholders.[3] The letter was sent to gain the required exemption.

[2] The exemption was issued on June 29, 1977, after the sale was made.

[3] The letter mentioned the risks inherent in the purchase of the stock. It read in part:

I understand that the company has indebtedness senior to its preferred stock consisting primarily of bank loans and subordi-

When Henry tried to redeem his stock in 1978, the corporation would not redeem it and no purchaser could be found. Henry commenced this action on August 8, 1979. Northwestern has since filed a petition in bankruptcy.

The trial court incorrectly concluded that knowledge of the illegality of a securities sale is needed to trigger the one-year limitation of sec. 551.59(5). The interpretation of a statute is a question of law that we independently decide. *Nelson v. Union National Bank,* 111 Wis. 2d 313, 315, 330 N.W.2d 225, 226–27 (Ct. App. 1983). While we found no prior Wisconsin cases interpreting sec. 551.59(5), several federal cases have done so. Since the Wisconsin statute is similar to the federal statute of limitations found in the Securities Act of 1933, *see* 15 U.S.C.A. § 77M (West 1981), and since the federal courts are experienced in securities litigation, we view their decisions in this area as persuasive authority. *See Wisconsin's Environmental Decade, Inc. v. PSC,* 79 Wis. 2d 161, 174, 255 N.W.2d 917, 925 (1977).

■

The federal courts have held that the one-year limitation of sec. 551.59(5) starts to run when the defrauded party possesses sufficient knowledge to make a reasonable person aware of the need for diligent investigation. *See Gieringer v. Silverman,* 539 F. Supp. 498, 502 (E.D. Wis. 1982); *Cahill v. Ernst & Ernst,* 448 F. Supp. 84, 88 (E.D. Wis. 1978), *vacated,* 588 F.2d 835 (7th Cir. 1978), *on remand,* 478 F. Supp. 1186 (E.D. Wis. 1979), *affd,* 625 F.2d 151 (7th Cir. 1980). Full knowledge of the scheme

---

nated capital debentures and in the event of liquidation these obligations would be retired prior to any payments to preferred stockholders.

Henry testified that he understood this sentence and understood the meaning of "risks." He also said he had no recollection of signing the letter.

or its illegality is not required. *See Gieringer,* 539 F. Supp. at 502. We adopt this interpretation of the statute.

The trial court erred in reversing the jury finding that Henry was aware of the exemption requirement at or about the time of the stock purchase. A jury verdict must be approved if there is any credible evidence to support it. *Giese v. Montgomery Ward, Inc.,* 111 Wis. 2d 392, 408, 331 N.W.2d 585, 593 (1983). Credible evidence exists when the evidence, reasonably viewed, allows an inference that supports the jury findings. *Id.* The evidence must be viewed in the light most favorable to the verdict. *Topp v. Continental Insurance Co.,* 83 Wis. 2d 780, 787, 266 N.W.2d 397, 401–02 (1978). Guest's testimony that he told Henry of the exemption requirement and accepted the money only at Henry's insistence, and the letter bearing Henry's signature that was sent to the commissioner of securities office both provide credible evidence supporting the verdict.

Finally, we hold that Henry's knowledge of the exemption requirement on or about June 13, 1977, was sufficient to trigger the one-year limitation of sec. 551.59 (5). A reasonable person, aware of the need for an exemption, would have been put on notice that something might be wrong. The one-year limitation expired prior to the action's commencement in 1979, so the complaint must be dismissed.

*By the Court.*—Judgment reversed and cause remanded, with directions to dismiss the complaint.