STATE of Wisconsin, Plaintiff-Respondent,†

v.

Gregory GASSEN, Defendant-Appellant.

Court of Appeals

*No. 87–1963–CR. Submitted on briefs February 10, 1988.—
Decided February 25, 1988.*

(Also reported in 422 N.W.2d 863.)

---

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Bruce J. Rosen,* of *Fritschler, Pellino, Schrank & Rosen, S.C.,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Mary Batt,* assistant attorney general, and *Douglas Haag,* assistant attorney general, as special prosecutors for Jefferson County.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J. Gregory Gassen is charged with nine counts of delivering a controlled substance, contrary to secs. 161.16(2)(b)1. and 161.41(1)(c)1., Stats., a violation of which is a felony. We granted Gassen's petition for leave to appeal from an order denying his motion for approval of an appearance bond surety in lieu of cash. The issue is whether sec.

969.03(1)(d), Stats., requires the judge who releases a defendant upon the execution of an appearance bond to accept sufficient solvent sureties in lieu of cash, if the defendant so elects. The judge held that the election is for the judge, not the defendant. We agree and affirm.

Following Gassen's initial appearance on September 11, 1987, the court set bail at $100,000. On September 28, 1987 his bail was reduced to $50,000 cash. Gassen moved to provide a surety having assets consisting of mortgages worth $100,000. The judge found that Gassen had proposed sufficient solvent surety for $100,000 but held that sec. 969.03(1)(d), Stats., authorizes the court to require a cash deposit in lieu of a surety. Due to the seriousness of the offenses and the severe possible penalties, the judge ruled that cash bail was necessary and entered the order before us on appeal.

Section 969.03(1), Stats., provides in pertinent part:

> A defendant charged with a felony may be released by the judge without bail or upon the execution of an unsecured appearance bond or the judge may in addition to requiring the execution of an appearance bond or in lieu thereof impose one or more of the following conditions which will assure appearance for trial:
>
> ....
>
> (d) Require the execution of an appearance bond with sufficient solvent sureties, or the deposit of cash in lieu of sureties.

Gassen reads sec. 969.03(1)(d), Stats., to mean that if the trial court finds that a defendant charged with a felony has furnished sufficient solvent sureties to

cover the amount of the appearance bond, the judge *must* accept the sureties and cannot require a cash deposit in lieu of sureties. The basis for his argument is the following Note to sec. 11, ch. 298, Laws of 1971, which amended sec. 969.03(1)(d), Stats. 1969:

> The change in the first sentence [of subsec. (1)(d)] makes it clear that the statute does not permit a judge to require cash and not permit a surety bond . . . ..

We follow well-established principles when determining the meaning of a statute. The meaning of a statute is a question of law. *Kottka v. PPG Industries, Inc.,* 130 Wis. 2d 499, 505, 388 N.W.2d 160, 163 (1986). We resolve the question without deference to the view of the trial court. *Green Bay Redevelopment Authority v. Bee Frank,* 120 Wis. 2d 402, 409, 355 N.W.2d 240, 243 (1984). If a statute is unambiguous, we must apply its plain meaning, without resort to its legislative history or other extrinsic evidence of the legislative intent. *State v. Derenne,* 102 Wis. 2d 38, 45, 306 N.W.2d 12, 15 (1981). Whether a statute is ambiguous is also a question of law which we decide without deference to the trial court. *Boltz v. Boltz,* 133 Wis. 2d 278, 284, 395 N.W.2d 605, 607 (Ct. App. 1986). A statute is ambiguous only if reasonable persons can understand it differently. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51–52 (1981). We determine whether ambiguity exists by examining the statute. We are not permitted to resort to its legislative history to determine whether an ambiguity exists. *Aparacor, Inc. v. ILHR Department,* 97 Wis. 2d 399, 403, 293 N.W.2d 545, 547 (1980).

■

Section 969.03(1)(d), Stats., unambiguously grants to the trial court the discretion to require an appearance bond either by sufficient solvent sureties or by the deposit of cash in lieu of sureties. The statute does not allow the defendant to decide whether to execute an appearance bond with sufficient solvent sureties or to deposit cash in lieu of sureties. The choice is with the judge. When, as here, the statute's meaning is plain, we are not at liberty to enforce it according to the terms of an explanatory note appended to its most recent amendment. *See Vogel v. State,* 96 Wis. 2d 372, 383, 291 N.W.2d 838, 844 (1980) (court will not examine explanatory note to unambiguous statute to determine statute's meaning).

*By the Court.*—Order affirmed.