GRAND RIVER COOPERATIVE, Plaintiff-Respondent,

v.

Jerold TERBEEST and Dianna Terbeest, Defendants-Appellants.†

Court of Appeals

*No. 87–1801. Submitted on briefs January 22, 1988.—Decided May 4, 1988.*

(Also reported in 426 N.W.2d 68.)

† Petition to review denied.

On behalf of the defendants-appellants the cause was submitted on the briefs of *Pikofsky & Flaherty, S.C.* of Milwaukee and *James Brown* of the University of Wisconsin—Milwaukee, Center for Consumer Affairs.

On behalf of the plaintiff-respondent the cause was submitted on the brief of *Karen A. Henell* of *Hennell Law Offices* of Princeton.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Jerold and Dianna Terbeest appeal from a money judgment awarded to Grand River Cooperative (the cooperative) on an open-end credit account. The issue on appeal is whether the cooperative's failure to obtain the Terbeests' signature to a writing evidencing this consumer credit transaction, pursuant to the Wisconsin Consumer Act, sec. 422.305(1), Stats., is fatal to the cooperative's action. The trial court ruled that the statute applies only to guarantors of such accounts. We agree and affirm the judgment.

The cooperative provides agricultural materials and supplies to its patrons. The Terbeests became stock holding patrons of the cooperative in 1972. Thereafter, they began purchasing agricultural supplies from the cooperative on an open-end credit arrangement. In late 1981, the Terbeests' account fell into default. The cooperative sued. The Terbeests raised various defenses, including a claim that the transaction was unenforceable pursuant to sec. 422.305(1), Stats., because no writing evidenced the agreement between the parties.[1]

On appeal, the cooperative raises a threshold issue, arguing that the Wisconsin Consumer Act does not apply because sec. 421.202(6), Stats., excludes consumer credit transactions in which the amount financed exceeds $25,000. The judgment awarded the cooperative $70,618.33. We do not decide this issue on the merits because we, regardless, agree with the trial court and the cooperative that the absence of a writing

[1]The Terbeests also counterclaimed against the cooperative alleging that excessive interest had been charged, entitling them to damages pursuant to sec. 425.304, Stats. The trial court, in a ruling which is not appealed, also rejected this claim.

175

pursuant to sec. 422.305(1), Stats., does not defeat the cooperative's action.

Section 422.305(1), Stats., provides:

**Notice to obligors.** (1) No natural person is obligated to assume personal liability for payment of an obligation arising out of a consumer credit transaction unless the person, in addition to signing the writing evidencing the consumer credit transaction, or a separate guaranty or similar instrument, also either receives a copy of each instrument, document, agreement and contract which is signed by the customer and which evidences the customer's obligation to pay, or signs and receives at the time of signing a separate instrument in substantially the following language:

### EXPLANATION OF
### PERSONAL OBLIGATION

(a) You have agreed to pay the total of payments under a consumer credit transaction between .... (name of customer) and .... (name of merchant) made on .... (date of transaction) for .... (description of purpose of credit, i.e. sale or loan) in the amount of $ .... .

(b) You will be liable and fully responsible for payment of the above amount even though you may not be entitled to any of the goods, services or loan furnished thereunder.

(c) You may be sued in court for the payment of the amount due under this consumer credit transaction even though the customer named above may be working or have funds to pay the amount due.

(d) This explanation is not the agreement under which you are obligated, and the guaranty

or agreement you have executed must be consulted for the exact terms of your obligations.

(e) You are entitled now, or at any time, to one free copy of any document you sign evidencing this transaction.

(f) The undersigned acknowledges receipt of an exact copy of this notice.

.... (Signature)

No reported Wisconsin case has interpreted this statute on the issue presented. The issue is one of statutory construction. The meaning of a statute is a question of law. *Kottka v. PPG Indus., Inc.,* 130 Wis. 2d 499, 505, 388 N.W.2d 160, 163 (1986). We resolve such a question without deference to the view of the trial court. *Redevelopment Auth. v. Bee Frank, Inc.,* 120 Wis. 2d 402, 409, 355 N.W.2d 240, 243 (1984). When a statute is unambiguous, we must apply its plain meaning, without resort to its legislative history or other extrinsic evidence of the legislative intent. *See State v. Derenne,* 102 Wis. 2d 38, 45, 306 N.W.2d 12, 15 (1981).

Whether a statute is ambiguous is also a question of law which we decide without deference to the trial court. *Boltz v. Boltz,* 133 Wis. 2d 278, 284, 395 N.W.2d 605, 607 (Ct. App. 1986). A statute is ambiguous only if reasonable persons can understand it differently. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51–52 (1981). We determine whether ambiguity exists by examining the statute. *State v. Gassen,* 143 Wis. 2d 761, 764, 422 N.W.2d 863, 864 (Ct. App. 1988). We are not permitted to resort to a statute's legislative history when determining wheth-

er an ambiguity exists. *Aparacor, Inc. v. DILHR,* 97 Wis. 2d 399, 403, 293 N.W.2d 545, 547 (1980).

The Terbeests cite to certain legislative history of sec. 422.305(1), Stats., to support their claim that the statute is not limited to situations involving a guarantor. We do not quarrel with the Terbeests that certain of this material does, in fact, support their argument. However, we conclude that the statute, on its face, clearly and unambiguously reveals its limited application to guarantor situations.

■ Section 421.301(17), Stats., of the Wisconsin Consumer Act defines a "customer," in part, as one who "seeks or acquires real or personal property, services, money or credit for personal, family, household or agricultural purposes." Under this definition, the Terbeests clearly qualify as a "customer" in their transaction with the cooperative. However, sec. 422.305(1), Stats., speaks not only of a "customer." It also refers to a *"person* ... obligated to assume personal liability for payment of an obligation." (Emphasis added.) The use of two different terms to describe the same entity was unnecessary if, as the Terbeests contend, all the legislature sought to do was require a writing signed by the customer. We conclude the legislature intended something more. The Terbeests' interpretation would render the "person" language of the statute as mere surplusage. Such interpretations are to be avoided. *Liles v. Employers Mut. Ins.,* 126 Wis. 2d 492, 503, 377 N.W.2d 214, 220 (Ct. App. 1985).

The express language of sec. 422.305(1), Stats., links the term "person" with the concept of a guarantor. In its opening sentence, the statute states that the obligation of the "person" is conditioned upon the

"person" signing a writing evidencing the transaction *or a separate guaranty or similar instrument.* The statute goes on to set forth a "sample" instrument explaining the personal obligation. This explanation warns the person that the instrument is not the "guaranty" which has been executed.

Moreover, the statute's "sample" personal obligation instrument has other guarantor overtones. For example, it warns the person that liability may occur even though the customer may be working or have funds to pay the amount due. To require that the customer be warned of such obvious consequences borders on the absurd. Such interpretations are also to be avoided. *State v. Michels,* 141 Wis. 2d 81, 88, 414 N.W.2d 311, 313 (Ct. App. 1987). Rather, we conclude this language serves a more meaningful and sensible purpose, to wit, warning the guarantor that liability could attach despite the customer's employment and solvency.

When, as here, the meaning of a statute is plain, we are not at liberty to enforce it according to extracts from legislative history which arguably support a contrary meaning. *See Vogel v. State,* 96 Wis. 2d 372, 383, 291 N.W.2d 838, 844 (1980).

*By the Court.*—Judgment affirmed.