IN RE the MARRIAGE OF: Richard L. LANGLOIS,
Petitioner-Appellant,

v.

Kathleen E. LANGLOIS, Respondent.

Court of Appeals

*No. 88-1777. Submitted on briefs March 10, 1989.—Decided
April 5, 1989.*

(Also reported in 441 N.W.2d 286.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Douglas Leppanen,* staff attorney of *Legal Services of Northeastern Wisconsin,* of Sheboygan.

On behalf of the respondent, the cause was submitted on the brief of *Dennis E. Kenealy,* county corporation counsel of Ozaukee.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   Richard Langlois appeals from a trial court order denying his motions to modify child support and to vacate a seek-work order. Richard's sole financial resource is Supplemental Security Income (SSI), received pursuant to Title XVI of the Social Security Act, 42 U.S.C. secs. 1381–1383c. The court continued an order allocating 25% of Richard's SSI benefits for child support purposes. We hold that such an order is in derogation of applicable state law and constitutes an abuse of discretion. However, the order that Richard

look for work is not forbidden by any state or federal regulation and lies within the trial court's discretion.

Modification of child support rests within the sound discretion of the trial court. *Burger v. Burger,* 144 Wis. 2d 514, 523, 424 N.W.2d 691, 695 (1988). The court must consider the needs of the custodial parent and children, and the ability of the noncustodial parent to pay. *Id.* at 523–24, 424 N.W.2d at 695.

Kathleen concedes error in the trial court's determination that Richard's SSI can be counted as economic resources for purposes of setting child support. This presents primarily questions of statutory and administrative rule construction. Such questions present issues of law. *State ex rel. Staples v. Young,* 142 Wis. 2d 348, 353, 418 N.W.2d 333, 336 (Ct. App. 1987). We review such questions without deference to the trial court's decision. *Grand River Coop. v. Terbeest,* 145 Wis. 2d 173, 177, 426 N.W.2d 68, 69–70 (Ct. App. 1988).

It is presently an open question in Wisconsin whether motions to modify child support brought under sec. 767.32, Stats., require an analysis based on the child support guidelines identical to that mandated in sec. 767.25(1j), Stats. We do not answer that question here. Whether or not the trial court undertakes an analysis based on the guidelines, Richard's SSI is not available for child support purposes.

The child support guidelines promulgated by the Department of Health and Social Services exclude public assistance from the calculation of gross income adjusted for child support. Wis. Adm. Code sec. **HSS 80.02**(13). SSI is, beyond dispute, public assistance.

SSI is a federally administered financial assistance program. 81 C.J.S. *Social Security* sec. 95 (1977). It largely replaced the prior system of federal grants to state-run assistance programs for the aged, blind, and disabled. *Schweiker v. Wilson,* 450 U.S. 221, 223 n. 1 (1981). The program's purpose is to assist those who cannot work because of age, blindness, or disability by setting a federal guaranteed minimum income level for those suffering under these handicaps. *Id.* at 223. The program is financed from general funds of the United States Treasury. *Haskin v. Secretary of the Dep't of Health and Human Servs.,* 565 F. Supp. 984, 986 (E.D.N.Y. 1983). As such, SSI constitutes a public assistance program. *See Hannington v. Weinberger,* 393 F. Supp. 553, 560 (D.C. 1975); *see also* sec. 49.41, Stats. It is therefore excluded from the gross income calculation for purposes of establishing child support under the guidelines.

Guidelines aside, sec. 49.41, Stats., provides that all "benefits under . . . federal Title XVI, are *exempt* from every tax, and from execution, garnishment, attachment and *every other process* and shall be *inalienable.*" (Emphasis added.) Our court has previously held this statute to be clear and unambiguous. *Northwest Eng'g Credit Union v. Jahn,* 120 Wis. 2d 185, 187, 353 N.W.2d 67, 68 (Ct. App. 1984). Therefore, we give its language an ordinary and accepted meaning. *Id.*

There are no exceptions to the statutory rule that Title XVI benefits are exempt from every process and inalienable. *See id.* Therefore, the grant cannot be burdened by a child support order. The purpose of the program is to provide the recipient with minimum neces-

sary financial resources. *Schweiker,* 450 U.S. at 223. That purpose is defeated if the resource is depleted.

The trial court's order that 25% of Richard's SSI be used for the support of his noncustodial children is error, within or without the context of the guidelines.

As a second issue, Richard argues that the Supremacy Clause of the United States Constitution preempts the trial court's seek-work order, and that the order is therefore an abuse of discretion. *See In re Dennis,* 117 Wis. 2d 249, 259, 344 N.W.2d 128, 132 (1984). We disagree.

■ A state domestic order must give way to clearly conflicting federal enactments. *Ridgway v. Ridgway,* 454 U.S. 46, 55 (1981). To be overridden, a state court order "must do 'major damage' to 'clear and substantial' federal interests." *Rose v. Rose,* 481 U.S. 619, 623 (1987). The instant seek-work order does not clearly conflict with the SSI program nor does it do major damage to the federal interest involved.

■ The court's order does no more than require Richard to look for a job with the assistance of his vocational rehabilitation counselor, Ms. King. King testified that a very narrowly-tailored sales job that involved only speaking with customers was a possible employment option at present. Whether such a position exists and whether, if it does, Richard would be offered it given his other disabilities and the competitiveness of the field are open questions. However, Richard has cited no law or regulation that prevents him from looking for it. We see no conflict between the SSI program, which has a rehabilitative function in addition to one of support, and the trial court's order that Richard seek work. *See* 20 C.F.R.

sec. 416.1710 (allowing for vocational rehabilitative services in the appropriate case).

Richard has not argued that his disability renders him unable to seek work or that participation in the SSI program requires that he not seek work. Rather, he argues that the federal government has determined that he cannot work. *See* 42 U.S.C. secs. 1382c(a)(3)(A), 1382c(a)(3)(B).[1]

His position on appeal is thus substantially the same as that which he argued before the trial court: that the seek-work order is "meaningless" because, as demonstrated by the SSI grant, he will be unable to find work of which he is capable. Be that as it may, the order to seek work does not conflict with the federal determination of Richard's disability. The program provides for rehabilitative efforts when appropriate. It does not forbid an attempt on the part of the recipient to benefit from an early result of those efforts.

We therefore find that the seek-work order is within the scope of the trial court's discretion.

---

[1] 42 U.S.C. sec. 1382c(a)(3)(A) states, in relevant part:

An individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period . . ..

42 U.S.C. sec. 1382c(a)(3)(B) states, in relevant part:

For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*By the Court.*—Order affirmed in part, reversed in part.