524 S.E.2d 443

**In re MICHAEL S.**

**No. 26117.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 6, 1999.

Decided Dec. 2, 1999.

David L. Zehnder, Esq., Kurt W. Hall, Esq., Public Defender Corporation, Moundsville, West Virginia, Attorneys for Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Barbara H. Allen, Esq., Managing Deputy Attorney General, Charleston, West Virginia, Attorneys for Appellee.

STONE, Judge:

This case is before this Court on an appeal from a final dispositional order of the Circuit Court of Marshall County, entered on January 26, 1999, regarding Appellant, Michael S.[1] (hereinafter "Appellant"), a juvenile. Following an earlier adjudication of delinquency, Appellant was sentenced to a three-month period of supervised probation and ordered to pay restitution in the amount of $471.25. The restitution was to be paid from Appellant's monthly supplemental security income (hereinafter "SSI") benefits by his father, his representative payee. Appellant argues that the circuit court erroneously ordered that the restitution be paid from his SSI benefits because these benefits are not subject to any legal process pursuant to federal statute. Appellant also argues that the circuit court's order of restitution violated the guidelines set forth in *State v. M.D.J.*, 169 W.Va. 568, 289 S.E.2d 191 (1982). The State of West Virginia, as Appellee in this case, does not dispute these contentions.

## I. Background Facts

On December 3, 1998, Appellant was adjudicated a delinquent child following a trial on a charge of battery. Appellant punched another student in the nose at school. The

---

**1.** As is our practice in cases which involve sensitive facts, we do not use last names to avoid stigmatizing the parties. *See, e.g., State v. George W.H.*, 190 W.Va. 558, 439 S.E.2d 423 (1993); *Nancy Viola R. v. Randolph W.*, 177 W.Va. 710, 356 S.E.2d 464 (1987).

victim of the battery, Troy B., also a juvenile, sustained a broken nose and incurred medical bills in the amount of $471.25. At the time of this offense, Appellant was fifteen years of age and in the ninth grade. Appellant has a full scale IQ of 55. He has no other juvenile offense on his record, although disciplinary action has been taken against him at his school for disruptive classroom behavior. Appellant lives with his parents, who are unmarried although they have lived together for almost twenty years, and his half-sister who is nineteen years of age. No one in the household is employed. Appellant's father is disabled and receives SSI benefits in the amount of $500.00 per month. Appellant's mother receives $25.00 per month for child support arrearage, and Appellant receives SSI benefits in the amount of $500.00 per month.

At Appellant's dispositional hearing, held on January 26, 1999, the circuit court learned about Appellant's SSI income and held, over objection and without discussion of a factual or legal basis for its conclusion, that Appellant would have to pay restitution from his SSI benefits.[2] The January 26, 1999, order reflecting the circuit court's ruling does order that restitution be made, but does not mention the financial source of the restitution. However, the circuit court judge presiding over the dispositional hearing specifically took the position at that hearing that "I can do it [order restitution from Appellant's SSI benefits], and he's going to have to suffer the consequences. . . ."

## II. Standard of Review

■■■■■ " 'Where the issue on appeal from the circuit court is clearly a question of law or involving the interpretation of a statute, we apply a *de novo* standard of review.' Syllabus point 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 1, *University of W.Va. Bd. of Trustees on Behalf of W.Va. Univ. v. Fox,* 197 W.Va. 91, 475 S.E.2d 91 (1996). However, with regard to mixed questions of fact and law, the Court should follow the guidelines set forth in *Phillips v. Fox,* 193 W.Va. 657, 661, 458 S.E.2d 327, 331 (1995):

In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

## III. Discussion

The issue before this Court is limited to the specific question of whether the circuit court erred in ordering restitution to be paid from Appellant's SSI benefits. Both Appellant and Appellee argue that federal law prevents such an order.

Title XVI, Supplemental Security Income for the Aged, Blind and Disabled (hereinafter the "Supplemental Security Income Act" or the "Act"), provides means tested federal assistance for individuals who are aged, blind or otherwise physically or mentally disabled from gainful employment. 42 U.S.C. §§ 1381–1383d (1994 & Supp. III 1997). Specifically, Title 42, § 1382c (a)(3)(C)(1) (Supp. III 1997) of the United States Code defines a "disabled individual" for purposes of the Act as an individual under eighteen years of age who suffers from "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Although the record is very limited in this case, we presume that because Appellant receives SSI benefits, he has been determined to be a "disabled individual" under the statute.

As a general rule, SSI benefits are not subject to execution, levy, attachment, garnishment or other legal process. The Supplemental Security Income Act contains language which refers to the particular exemptive language for social security benefits as found in the Social Security Act. Specifically, Title 42, § 1383(d)(1) (1994) of the United States Code provides that "[t]he provisions of section 407 of this title . . . shall apply with respect to this part to the

---

2. The court ordered restitution to be paid in six monthly installments of $80.00.

same extent as they apply in the case of subchapter II [42 U.S.C. § 401 *et seq.*] of this chapter." Title 42, § 407(a) (1994) of the United States Code provides:

> The right of any person to any future payments under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

■ Although this is an issue of first impression for this Court, we have previously held that the above-quoted language "is very strong, very clear, and very unambiguous...." *Loudermilk v. Loudermilk,* 183 W.Va. 616, 620, 397 S.E.2d 905, 909 (1990). In syllabus point four of *Loudermilk,* we specifically found that in regard to equitable distribution of marital property:

> The Social Security Act, specifically 42 U.S.C. § 407(a), prohibits any transfer or assignment at law or in equity of future social security payments; accordingly, contributions to individual social security accounts cannot be included as part of marital property subject to equitable distribution at the time of divorce.

*Loudermilk,* 183 W.Va. at 617, 397 S.E.2d at 906.

A review of state and federal law has yielded no cases directly on point,[3] however, the United States Supreme Court has adopted the position that Title 42, § 407(a) of the United States Code imposes "a broad bar against the use of any legal process to reach all social security benefits." *Philpott v. Essex County.Welfare Bd.,* 409 U.S. 413, 417, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973). The United States Supreme Court in *Philpott* held that the provisions of § 407(a) barring the use of "any legal process" to reach "social security benefits" bars all claimants, including a state. *Id.*

Additionally, in *Langlois v. Langlois,* 150 Wis.2d 101, 441 N.W.2d 286 (Ct.App.1989), the Court of Appeals of Wisconsin was faced with an analogous issue: whether some portion of an individual's SSI benefits could be allocated for child support purposes. The Wisconsin court concluded that under Wisconsin law, child support is a form of "execution, garnishment, attachment and every other process" from which SSI benefits are exempt. *Langlois,* 441 N.W.2d at 288. Further, the court noted that policy considerations were consonant with strict statutory construction in this instance: "The purpose of the program is to provide the recipient with minimum necessary financial resources. That purpose is defeated if the resource is depleted." *Id.* at 288, *citing Schweiker v. Wilson,* 450 U.S. 221, 223, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981).

■ Accordingly, we hold that pursuant to Title 42, §§ 1383(d)(1) (1994) and 407(a) (1994) of the United States Code, a circuit court may not order a juvenile criminal defendant to pay restitution from his future supplemental security income benefits because such benefits are not subject to execution, levy, attachment, garnishment or other legal process.

In addition to violating federal law, the circuit court's order requiring Appellant to pay restitution from his SSI benefits also violated this Court's guidelines for ordering restitution in juvenile cases, as set forth in *State v. M.D.J., supra.*

■ In the syllabus of *State v. M.D.J.,* this Court held that:

> A trial judge may order restitution as part of a "program of treatment or therapy" designed to aid in the rehabilitation of the child in a juvenile case when probation is granted under W.Va.Code, 49–5–13 [1978]. Such order, however, must be rea-

---

3. We note that the United States Court of Appeals, Seventh Circuit, has affirmed the district court's revocation of a defendant's probation for failure to make a good-faith effort to comply with court-ordered restitution where defendant did not use his payment of retroactive social security benefits to pay the restitution. *United States v.* *Eggen,* 984 F.2d 848 (7th Cir.1993). The Court of Appeals specifically held that while it is true that social security benefits are not subject to levy or execution, once such benefits "are paid over to the recipient, as here, he can use them to satisfy his preexisting obligations." *Id.* at 850.

sonable in its terms and within the child's ability to perform. *State v. M.D.J.*, 169 W.Va. at 568, 289 S.E.2d at 192. We further explained that "[a]n order imposing conditions of probation that are unreasonable or beyond the ability of the child to perform, is not an order of probation at all but rather a disguised order of commitment." *Id.* at 576, 289 S.E.2d at 196. In discussing the factors which should be considered before imposing restitution, we identified the juvenile's " 'present and probable future ability to repay' to be a pertinent consideration in determining whether restitution was justified or reasonable in a particular case." *Id., citing In re D.G.W.*, 70 N.J. 488, 361 A.2d 513, 522, n. 4 (1976).

■ In considering whether the restitution ordered in this case complies with the requirements set forth in *State v. M.D.J.*, we must first decide if the amount ordered was part of a program of treatment or therapy. The record does not disclose any particular program of treatment or therapy as being prescribed for Appellant. Second, it is obvious from the record that the circuit court's order of restitution was neither reasonable nor within Appellant's ability to perform. Appellant was fifteen (15) years of age at the time of his disposition and had no job. Further, Appellant is a disabled individual with a full scale IQ of 55, without any prospect of even part-time employment. Accordingly, the circuit court's order was a meaningless gesture. Under these circumstances we do not think that the order of restitution entered in this case as a condition of probation was reasonable or within Appellant's ability to perform.

■ Our decision in this case does not in any way mean that restitution is an improper disposition in juvenile cases. Restitution is an appropriate disposition as long as it comports with the purpose of rehabilitation of juvenile offenders by the least restrictive methods. Any restitution award "should be set in an amount that is within the realistic ability of the children to pay within a reasonable period of time, so that they can complete a probationary period, put these events behind them, and move forward." *State v. Kristopher G.*, 201 W.Va. 703, 706, 500 S.E.2d 519, 522 (1997). Additionally, any award of restitution should comply with state and federal law.

We also note that victims of crimes are not always without recourse in situations where restitution is not ordered. Such victims may apply for an award of compensation pursuant to West Virginia Code §§ 14–2A–1 to –29 (1995 & Supp.1999), the Compensation Awards to Victims of Crimes Act. The very intent of this Act is "to establish a system of compensation for the victims of crime." W.Va.Code § 14–2A–2.

## IV. Conclusion

Based upon the foregoing, we reverse the January 26, 1999, order of the Circuit Court of Marshall County insofar as it imposed a requirement of restitution and ordered Appellant's father to make such restitution from Appellant's SSI benefits.

Reversed.

Justice SCOTT did not participate in the decision of the Court.