STATE OF WEST VIRGINIA

FILED

May 8, 2014
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

In Re: P.M.

No. 13-0596 (Tyler County 13-JD-5)


MEMORANDUM DECISION


Petitioner P.M.,[1] by counsel William B. Summers, appeals the May 22, 2013, disposition order entered by the Circuit Court of Tyler County, West Virginia. P.M., a juvenile, pled responsible to one count of entry of a building in violation of W.Va. Code § 61-3-12 [2009]. The circuit court ordered that P.M. be temporarily committed to the Pressley Ridge Diagnostic Unit to receive specialty diagnostic services and that she thereafter be placed on three years of supervised probation, perform community service, and pay $2,802.99 in restitution. P.M. subsequently filed the present appeal arguing that the circuit court erred by ordering her to pay restitution. The State, by counsel Patrick Morrisey and Derek A. Knopp, filed a summary response.

Upon consideration of the standard of review, the parties' briefs, oral arguments and the record presented, this Court finds no new or significant questions of law have been presented. The Court further finds that the circuit court committed no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the *Rules of Appellate Procedure*.

On January 17, 2013, a delinquent child petition was filed in the Circuit Court of Tyler County, alleging that fifteen-year-old P.M. had committed three felony offenses: (1) "entry of a building" in violation of W.Va. Code § 61-3-12; (2) "grand larceny" in violation of W.Va. Code § 61-3-13(a) [1994]; and (3) "conspiracy to commit an offense against the State" in violation of W.Va. Code § 61-10-31 [1971] and W.Va. Code § 61-3-13(a). The State alleged that P.M. was one of seven juveniles who entered a house owned by B.M.P. and P.L.P. ("victims"). Further, the State alleged that P.M. was involved in the theft of "certain property having a value of more than one thousand dollars" that was located in the house.

_____

[1]We adhere to our usual practice in cases involving sensitive facts and do not refer to the parties using their full names. *See In re Clifford K.*, 217 W.Va. 625, 619 S.E.2d 138 (2005).

On March 25, 2013, P.M. pled responsible to "entry of a building" in violation of W.Va. Code § 61-3-12[2] and the State moved to dismiss the remaining counts contained in the delinquent child petition. The circuit court deferred sentencing after the responsible plea was entered so that a pre-dispositional report could be prepared.

In the pre-dispositional report, P.M. provided a statement describing her actions in the underlying felony. P.M. stated that she entered the victims' house and "flipped the bed to get the knives . . . I carried some ammo . . . got a necklace from the dresser. Went downstairs got a gold watch." The report also includes a statement from the victims describing the crime and the economic and psychological damage it caused them to suffer:

---

[2]W.Va. Code § 61-3-12 states:

> If any person shall, at any time, break and enter, or shall enter without breaking, any office, shop, underground coal mine, storehouse, warehouse, banking house or any house or building, other than a dwelling house or outhouse adjoining thereto or occupied therewith, any railroad or traction car, propelled by steam, electricity or otherwise, any steamboat or other boat or vessel, or any commercial, industrial or public utility property enclosed by a fence, wall or other structure erected with the intent of the property owner of protecting or securing the area within and its contents from unauthorized persons, within the jurisdiction of any county in this state, with intent to commit a felony or any larceny, he or she shall be deemed guilty of a felony and, upon conviction, shall be confined in a state correctional facility not less than one nor more than ten years. And if any person shall, at any time, break and enter, or shall enter without breaking, any automobile, motorcar or bus, with like intent, within the jurisdiction of any county in this state, he or she shall be guilty of a misdemeanor and, upon conviction, shall be confined in jail not less than two nor more than twelve months and be fined not exceeding $100.

> An indictment for burglary may contain one or more counts for breaking and entering, or for entering without breaking, the house or building mentioned in the count for burglary under the provisions of this section and section eleven of this article.

2

> Home was broken into, stealing many items and destroying much more than what they stole. Family pictures, display cases, retirement gifts, gifts from deceased son. The home was completely ransacked. Personal records compromised, SSN's, bank account info, etc., completely destroying any peace of mind.

The victims stated that numerous items were stolen and/or damaged during the crime, including coins, knives, jewelry, guns and ammunition. The pre-dispositional report states that the victims' economic loss was approximately $19,620.93.

The circuit court held a disposition hearing on May 16, 2013. At the conclusion of this hearing, the circuit court ordered that P.M. be temporarily committed to the Pressley Ridge Diagnostic Unit to receive specialty diagnostic services and that she thereafter be placed on three years of supervised probation, perform 300 hours of community service and pay $2,802.99[3] in restitution to the victims. The circuit court stated that its order was made to "accomplish [P.M.'s] requisite rehabilitative need." Following the entry of this order, P.M. filed the present appeal arguing that the circuit court erred *only* by ordering her to pay $2,802.99 in restitution.

This Court's standard of review when reviewing a circuit court's disposition order is set forth in *State v. Kenneth Y.*, 217 W.Va. 167, 170, 617 S.E.2d 517, 520 (2005), and is as follows:

> [T]he standard of review with regard to a circuit court's sentencing order or disposition under W.Va.Code, 49-5-13 (2002), is whether the circuit court's ruling constitutes an abuse of discretion. *State v. Kirk N.*, 214 W.Va. 730, 741, 591 S.E.2d 288, 299 (2003), quoting *State ex rel. D.D.H. v. Dostert*, 165 W.Va. 448, 471, 269 S.E.2d 401, 416 (1980), ("discretionary" rulings of circuit courts at the dispositional stage in juvenile cases "should only be reversed where they are not supported by the evidence or are wrong as a matter of law"); *In the Interest of Thomas L.*, 204 W.Va. 501, 504, 513 S.E.2d 908, 911 (1998), (disposition in juvenile case held to be within the circuit court's "sound discretion"); *State ex rel. Department of Health and Human Resources v. Frazier*, 198 W.Va. 678, 683, 482 S.E.2d 663, 668 (1996), (circuit courts

---

[3]The circuit court arrived at this figure by dividing the economic loss ($19,620.93) suffered by the victims among the seven juveniles involved in the crime.

are "vested with discretion to select the appropriate disposition for a particular juvenile").

The issue in this case is whether the circuit court abused its discretion when it ordered P.M. to pay $2,802.99 in restitution. A circuit court may grant probation in a juvenile delinquency disposition pursuant to W.Va. Code § 49-5-13 [2012], which provides, in part:

> (b) Following the adjudication, the court shall conduct the dispositional proceeding, giving all parties an opportunity to be heard. In disposition the court shall not be limited to the relief sought in the petition and shall, in electing from the following alternatives, consider the best interests of the juvenile and the welfare of the public: . . .
>
> (3) Upon a finding that the juvenile is in need of extra-parental supervision: (A) Place the juvenile under the supervision of a probation officer of the court or of the court of the county where the juvenile has his or her usual place of abode or other person while leaving the juvenile in custody of his or her parent or custodian; and (B) prescribe a program of treatment or therapy or limit the juvenile's activities under terms which are reasonable and within the child's ability to perform, including participation in the litter control program established pursuant to section three, article fifteen-a, chapter twenty-two of this code or other appropriate programs of community service[.]

Rule 39(e) of the *West Virginia Rules of Juvenile Procedure* permits a circuit court in a delinquency disposition to order a juvenile to pay restitution as a term of his/her probation program. Specifically, Rule 39(e) states that a circuit court in a delinquency disposition may order probation and "prescribe a program of treatment, therapy or limitations upon the juvenile's activities under reasonable terms which are within the juvenile's ability to perform, including any appropriate program of community service and restitution." This Court held that a circuit court may order a juvenile to pay restitution as part of a treatment program in Syllabus Point 1 of *State v. M.D.J.*, 169 W.Va. 568, 289 S.E.2d 191 (1982), stating:

> A trial judge may order restitution as part of a "program of treatment or therapy" designed to aid in the rehabilitation of the child in a juvenile case when probation is granted under W.Va.Code, 49-5-13 [1978]. Such order,

4

however, must be reasonable in its terms and within the child's ability to perform.

Additionally, this Court has stated that "[r]estitution is an appropriate disposition as long as it comports with the purpose of rehabilitation of juvenile offenders by the least restrictive methods*." In re Michael S.*, 206 W.Va. 291, 295, 524 S.E.2d 443, 447 (1999).

In the present case, the pre-dispositional report recommended that P.M. be ordered to pay restitution as part of a "rehabilitative process." The report states that "the first two steps in this rehabilitative process would be to order community service and restitution." The report goes on to state that "the restitution, probation and community service will teach [P.M.] that there must be accountability for her actions." The circuit court followed this recommendation and ordered that P.M. perform community service and pay restitution in order to "accomplish her requisite rehabilitative need[.]"

P.M. does not dispute that the restitution order was entered as part of a rehabilitation program, nor has she argued that she lacks the ability to perform under the terms of the restitution order. Instead, she argues that because she only pled responsible to one count that did not involve larceny, she should not be required to pay restitution. We disagree.

The pre-dispositional report clearly shows that the victims suffered significant economic and psychological injuries as a result of (1) the entry and "ransacking" of their house, and (2) the theft of their property. P.M. does not dispute that the victims suffered these injuries. While P.M. only pled responsible to one count, which did not involve larceny, she admitted in both the pre-dispositional report and in her brief to this Court that she did, in fact, steal knives, ammunition and jewelry from the victims' house.[4] She argues, however, that because the knives and jewelry she stole were returned to the victims, she should not be required to pay restitution. Despite P.M.'s claim that

---

[4]In *State v. Cummings*, 214 W.Va. 317, 322 n.4, 589 S.E.2d 48, 53 n.4 (2003), this Court addressed an analogous situation and found that a restitution award should be left within the sound discretion of the circuit court:

We tangentially note that situations may arise in which, through the process of plea bargaining, a defendant and the State might propose a plea bargain which includes restitution for offenses contained in the indictment to which the defendant had not pled guilty. In such instance, the inclusion of such other items of restitution would rest within the sound discretion of the lower court in its consideration of the plea bargain agreement.

she returned most of these stolen items to the victims, she fails to address if any of these returned items lost value as a result of being stolen. The pre-dispositional report states that a number of the knives that were stolen from the victims had been damaged and that the value of these knives was therefore diminished.

Further, the evidence shows that the victims suffered psychological injuries that were due, in part, to their house being entered and "ransacked" by P.M. and the other juveniles involved in the crime. The victims' statement includes the following: "Home broken into . . . completely destroying any peace of mind."

Because the circuit court's order was made to "accomplish [P.M.'s] requisite rehabilitative need," and because there was undisputed evidence that P.M.'s actions caused the victims to suffer both psychological and economic injuries, we find that the circuit court did not abuse its discretion in ordering P.M. to pay $2,802.99 in restitution to the victims. We therefore affirm the circuit court's May 22, 2013, order.

Affirmed.

**ISSUED:** May 8, 2014

**CONCURRED IN BY:**
Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II